CONGDON AND WIFE *v.* GEORGE C. AND GEORGE W. CAHOON.

## *Trusts. Assumpsit.*

Matters of trust are of original and special equity jurisdiction. Thus, where defendants were trustees under deeds creating express trusts in favor of several persons, and imposing special duties upon the trustees in relation to the trust property, and providing that, in a certain event, the property should go in equal shares to each of the beneficiaries, it was *held* that one of the beneficiaries could not, upon the happening of said event, maintain assumpsit against the trustees for her share, but that chancery was the proper forum, where the rights of all could be ascertained and settled.

GENERAL ASSUMPSIT. Plea, the general issue, and trial by jury, June Term, 1875, Ross, J., presiding.

Plaintiffs introduced a copy of a deed from Henry S. Bartlett to defendants, dated January 13, 1862, conveying a certain house and lot in Providence, R. I., with certain household goods, in trust, *first*, "to collect and receive all the rents and profits of the said estate, and expend them upon the maintenance and education" of the grantor's four children, to wit, Mary E., Henry S., Jr., Caroline P., and George Bartlett, until the termination of the trust as therein provided; and *second*, "to convey to each of said children on their arriving at the full age of twenty-one years, one equal, undivided share of said estate and property hereby conveyed;" with power of sale, the proceeds of sale to be invested "in other safe and profitable property, and held subject to the same trusts, and with the same powers and privileges, as the above conveyed property." Also, a copy of a deed of assignment from said Bartlett and his wife Sarah, to defendant George C. Cahoon, dated April, 1863, assigning a mortgage against the defendant George W. Cahoon that it was conceded amounted to $2750, upon the following trusts : *first*, to receive all payments of principal and interest upon said mortgage, and to expend the same in equal sums for the support of said Sarah, and the support and education of said children ; *second*, to invest any surplus of such receipts ; *third*, to pay or convey to said children as fast as they became of age, his or her share of whatever then remained of said

7

mortgage fund. Also, a copy of a deed from the defendants and the said Sarah, her said husband having deceased July 24, 1863, to John Conner, dated May 23, 1864, conveying said house and lot in Providence, in consideration of $5000.

It appeared that all of said children were still living; that the girls had attained twenty-one, but the boys had not, and that the said Mary had intermarried with the plaintiff Congdon.

Plaintiffs' counsel, in their opening statement to the jury, said they expected to prove that said Conner paid defendants $5000 for said house and lot at the time of his purchase thereof; that defendant George C. Cahoon had collected the $2750 due on said mortgage of George W. Cahoon, and had paid it over to the defendants as trustees, who had carried it to the credit of the trust fund; that the friends of said children had at different times deposited to their credit, as gifts and donations, sums of money in the People's Savings Bank of Providence, R. I., as by plaintiffs' specifications filed in the case, and that the defendants had, upon some pretext unknown to plaintiffs, drawn said money from said bank, and put it to their own use; that this suit was brought in the right of said Mary, to recover one fourth part of said several sums of money so deposited with the defendants for her when she should be twenty-one years old, of which demand was made before suit.

It was conceded that said Henry S. Bartlett died in Providence; that administration was duly granted on his estate; that the estate had not been fully settled; that he deposited the money in said savings bank in his own name as trustee for said children, and that his administrator drew the same from the bank for the defendants.

At this stage of the case, the court ruled that plaintiffs could not maintain this action, but must resort to chancery, and directed a verdict for the defendants; to which plaintiffs excepted.

*T. Bartlett* and *Henry C. Bates*, for the plaintiffs, contended that the action would lie for the plaintiffs' share of the whole money, and especially for their share of the money received from the savings bank, as that was no part of the trust fund, and cited 9

Mass. 538 ; 15 Mass. 116 ; 5 Me. 381 ; 15 Johns. 159 ; 1 Wend. 470 ; 1 Conn. 175 ; 2 Harring. (Del.) 354 ; 4 Del. 147 ; *Scott* v. *Lance*, 21 Vt. 507 ; *Phelps* v. *Conant*, 30 Vt. 277 ; *Bruce* v. *Hastings*, 41 Vt. 380 ; *Babcock* v. *Granville*, 44 Vt. 325 ; *Smith* v. *Smith*, 45 Vt. 433.

*Belden & Ide*, (*Poland* with them), for the defendants, argued that the funds came into defendants' hands only by trust deeds, under which they had certain administrative duties to perform for the plaintiffs and other persons not parties to the suit, and that defendants could not be harassed by successive suits by each claimant in a court of law, where no accounting could be had, nor a full disposition of the trust fund made, and cited Jeremy's Eq. 146 ; Hill Trustees, 66, 808, and note.

They also contended, that as the estate of said Bartlett was unsettled, defendants were liable to have the funds in their hands called out to pay the debts of that estate, and that no action could be maintained until a decree of distribution of the estate was made by the Probate Court; *Probate Court* v. *Kimball*, 42 Vt. 320 ; and that plaintiffs must look to the administrator of that estate for the funds by him drawn from the savings bank ; and that this case stood no better than an action of account. *La Point* v. *Scott*, 36 Vt. 633.

The opinion of the court was delivered by

REDFIELD, J. This action is assumpsit to recover one fourth of the moneys arising from certain real estate conveyed by Henry S. Bartlett to the defendants in *trust* for the benefit of his four children, of whom the female plaintiff is one. The deed of January 13, 1862, from Henry S. Bartlett to the defendants, creates an *express trust*, and imposes specific duties upon the defendants as to the property conveyed. The defendants' relation to the fund, or trust property, and the amount, and to whom they should account, cannot be determined in this action. The other three children are not made parties, and would not be bound, or any way affected, by a judgment in this case.

The defendants had the express right and duty to expend for the benefit of the four children, the income and avails of this property; and how much has been expended for such purpose, and how much for each child, most obviously, cannot be determined in this suit, for the parties in interest are not upon the record. But matters of trust are of original and special *equity jurisdiction.* This case well illustrates the necessity of such jurisdiction, in order to do justice to all parties in interest, and appropriate to each what, in equity, is due, and hold the trustees to a full and just account.

. II. It is claimed that the money received by the defendants from the bank, they should account for in this action. Whether that money belongs to the *heirs* or *creditors* of Mr. Bartlett, is yet undecided, and of that matter the Probate Court in Rhode Island has the exclusive jurisdiction. The administrator consented to the passing of the money to the defendants, and, as we suppose, as a part of the fund which they were to hold for the benefit of said children. If the defendants hold this money as a trust for the benefit of these children, then, of course, it stands like the other fund. Hill Trustees, 42; Story Eq. 60, 534.

Judgment affirmed.