Foss, Trustee, *v.* Sowles.

## JAMES M. FOSS, TRUSTEE, *v.* EDWARD A. SOWLES.

*Probate Court. Removal of trustee for neglect to furnish bond.*
*R. L. ss. 2284, 2288, 2290. General assumpsit.*

1. Where a will, in creating a trust, directs that the trustee named shall not be required to give bonds, and the trustee enters upon the trust in accordance therewith, the Probate Court may, under R. L. s. 2284, require of such trustee a bond, in view of a subsequent change in his circumstances.

2. If the trustee neglects to furnish a bond in compliance with such order, he becomes subject to removal under R. L. s. 2288.

3. He must, however, be removed upon notice as provided in R. L. s. 2290. The trusteeship does not become vacant *ipso facto.*

4. If, in such case, the will confers upon the trustee the power of naming his successor, the court cannot appoint until he has had an opportunity to exercise that right.

5. And the legality of the successor's appointment may be raised in a suit by him against the trustee removed for the trust fund, if the record of the Probate Court shows that the defendant had no notice of his proposed removal. In that event the court would have no jurisdiction, and its decree would be null.

6. The successor, if legally appointed, could not maintain general assumpsit for the trust fund, until the account of the trustee had been settled and the amount for which he was liable determined by an order of the Probate Court.

This was an action of general assumpsit for the amount of a legacy given by the will of Susan B. Bellows in trust to St. Luke's Church. Pleas, the general issue, special pleas in bar, and notice of special matter. Trial by court at the April Term, 1889, Rowell, J., presiding. Judgment for the plaintiff for the amount of the legacy and interest from the date of the plaintiff's writ. The court also granted a certified execution. Exceptions by the defendant.

The court found that the defendant had, as trustee, received the legacy under the will, and had not paid any part of it over to the plaintiff, who had been duly appointed trustee by the Probate Court in place of the defendant, removed. The defend-

(15)

Foss, Trustee, v. Sowles.

ant contended that the Probate Court had no power to remove him; that if it had such power, it did not properly exercise it, in that he was not notified to show cause why he should not be removed, and that if properly removed, he alone had the right to name his successor under the terms of the will. There was no evidence of a demand by the plaintiff. The facts appear in the opinion.

*E. A. Sowles* and *H. A. Burt*, for the defendant.

R. L. s. 2288 does not apply to a case like this. It cannot be said that a trustee "declines a trust" which he has already accepted and upon the execution of which he has entered simply because he refuses or neglects to comply with some rule of the Probate Court. This section refers to a case where a bond is required previous to undertaking the trust.

The Probate Court can only remove a trustee after due notice to him. In this instance there was no notice whatever. R. L. s. 2290.

It can only appoint a successor after notice to "persons interested." R. L. s. 2291. It has been held that this trustee was a person interested. *In re* Bellows Est., 60 Vt. 224.

Here the Probate Court could not appoint a successor with notice, for the will provides that the trustee shall name his own successor.

The proceedings of the Probate Court, not being within the statute are void. *Robinson* v. *Robinson*, 1. D. Chip. 357; *Chase* v. *Hathaway*, 14 Mass. 222; *Shumway* v. *Shumway*, 2 Vt. 339; *Holden* v. *Scanlin*, 30 Vt. 177; Robert's Dig. 564; *Hendricks* v. *Cleveland*, 2 Vt. 392; *Probate Court* v. *Winch*, 57 Vt. 282.

The defendant could not be sued for the trust fund until an order of the Probate Court had determined the amount for which he was liable. Perry Tr. s. 288; *Pierce* v. *Pierce*, 22 Beav. 248.

There was no evidence of a demand, and without one no action could be maintained. *Hinsdell* v. *White*, 34 Vt. 564; *Bishop* v. *Brown*, 51 Vt. 332; *Stoddard* v. *Chapin*, 15 Vt. 443; *Brainerd* v. *Ch. Trt. Co.*, 29 Vt. 157.

Foss, Trustee, *v.* Sowles.

*Cross & Start*, for the plaintiff.

The Probate Court had power to require a bond, owing to a subsequent change in the circumstances of the trustee. R. L. s. 2284.

In accordance with this power, that court did order the defendant to furnish such bond on or before a certain day, and he neglected to do so. Thereby his office as trustee became vacant. R. L. s. 2288.

There was no occasion for any removal by the court; by neglecting to give the bond when required he had ceased to be trustee.

The decree of the Probate Court removing the defendant and appointing the plaintiff cannot be collaterally attacked. *Collard* v. *Crane*, Brayt. 18; *Sparhawk* v. *Buel*, 9 Vt. 41; *Probate Judge* v. *Fillmore*, 1 D. Chip. 420; *Lawrence* v. *Englesby*, 24 Vt. 42; *Diggs* v. *Abbott*, 27 Vt. 580; *Abbott* v. *Coburn*, 28 Vt. 663.

No demand was necessary. R. L. s. 2292.

The opinion of the court was delivered by

Ross, J. The exceptions taken, on the trial in the County Court, raise the questions :

First. Had the Probate Court 'jurisdiction to remove the defendant from being trustee and to appoint the plaintiff trustee in his stead, under the circumstances in which it was attempted to be done ?

Secondly. If so, can the plaintiff maintain an action of general assumpsit to recover the trust fund on the facts found by the County Court?

I. By the will of Susan B. Bellows, duly probated, the defendant was made trustee of the fund in controversy, with the provision in the will that he should not be required to give any bond, and giving him general discretionary powers in regard to the investment of the fund, and also the right to appoint his successor. He was executor of the estate. The estate was settled, and he was ordered to retain the trust fund in his hands,

as trustee, and to administer the trust according to the terms of the will. At this time the defendant was in good financial standing. Afterwards he became involved in financial embarrassments and ceased to pay the income to the *cestui que trust.* Thereupon the *cestui que trust* commenced proceedings in the Probate Court to have the defendant give a bond for the faithful discharge of his duties as such trustee. The Probate Court is given general equity powers in regard to trusts and trust funds, that arise in the settlement of estates, secs. 2284 to 2300, R. L. By s. 2284 it is provided that a trustee appointed in a will shall give a bond to the court for the faithful discharge of his duties, as such trustee, "but such bond shall not be required in a case in which the testator in the will appointing him has so ordered, unless, from a subsequent change in his circumstances, or other sufficient cause, the Probate Court deems it proper to require a bond." Under this section the Probate Court required the defendant to give a bond. We think this order the Probate Court could properly make. The defendant appealed from this order and the matter was brought before this court, 57 Vt. 585, in which it was held that no right of appeal from such an order existed. Upon this decision being certified back to the Probate Court, that court gave a further time in which the defendant was ordered to comply with its order. The defendant did not comply with the order. The court thereupon, without notice to the defendant, declared that the defendant had declined the trust and appointed the plaintiff such trustee. The defendant contends that this action of the Probate Court, being without notice, was void for want of jurisdiction, and that he still is trustee, notwithstanding such action. The Probate Court has not general equity jurisdiction, and being of limited jurisdiction in this respect must proceed in accordance with the statute conferring jurisdiction. S. 2288 provides that a person appointed as trustee, who neglects to give a bond when required, within the time directed by the Probate Court, shall be considered to have declined the trust. The defendant urges that the word "decline" can only relate to a trustee appointed by a

will, who has not accepted the trust and entered upon the discharge of its duties; that in such a case the proper term is " resign," which is used in the section next following and in some other sections. While there is some countenance given to this claim by the language used in the different sections of the statute, it does not commend itself to our judgment. We think s. 2288 was intended to apply as well to the case of a trustee, who had accepted the trust and entered upon the discharge of its duties, as to the case of one, named as trustee in a will, who had not accepted the trust. Otherwise there would be no statute applicable to the case of the former. We cannot think that the Legislature intended to leave such a case unprovided for. Nor is such contention consistent with the other provisions of the statute. But the defendant further contends that such declination did not create a vacancy in the trusteeship, until accepted by the Probate Court, and that he was entitled to notice in regard to when it would act upon the declination, and so have an opportunity to act in regard to the appointment of his successor, as provided by the terms of the will. This contention has the sanction of the language of the statute. The next section of the statute, 2289, reads : " A trustee may decline, or resign his trust when the Probate Court judges proper to allow the same." Hence the trusteeship did not become vacant by his legal declination thereof, arising from his failure to give a bond as required. The Probate Court must accept his declination, or make an order removing him. S. 2290 gives the Probate Court power to remove a trustee for various causes, but requires that it shall be done after giving notice to the trustee. Whether the removal is occasioned by the acceptance of the voluntary or legal declination of the trust, or from some other of the causes assigned in this section, matters not in regard to the requirement of notice. It is as much a removal when occasioned by the legal declination, arising from failure to comply with its order to give a bond, as when made for any of the other causes assigned. This section was evidently intended to apply to cases of a removal of an existing trustee from whatever cause, and makes notice to

the trustee a pre-requisite to the court's jurisdiction to hear and make the order. By the order appointing him trustee and turning the trust estate over to him, the trust property became vested in him. He is interested in the property and still accountable for it, and for its proper care and management, although unable to comply with the order requiring him to give a bond, quite as much so as an executor or administrator. It was held, *in re* Bellows estate, 60 Vt. 224, that an executor or administrator has an interest in the estate from which his appointment is ordered vacated by the Probate Court. This section of the statute requires notice not only to the trustee, whose removal is applied for, but to others interested. Notice, especially when required by the statute which gives jurisdiction to the tribunal claiming to exercise it, is a pre-requisite to jurisdiction; and orders and decrees of such tribunals, made without notice, do not bind parties to whom notice is required to be given, and as to such parties are without legal force and void. On these grounds the defendant has never been legally removed from the trusteeship, and there was no vacancy therein to which the Probate Court could appoint the plaintiff. This is the inevitable result from the provision of the statute requiring notice, and the attempt of the court to proceed without giving notice. It happened in this case that the defendant had more than the usual occasion for such notice. He had been given the unqualified power to appoint his successor. Whether this power had been wisely or unwisely conferred is immaterial. It is enough it was the will of the testatrix that he should have and exercise it. He, all the more, required notice that the legal declination of the trust through his failure to comply with the order of the court would be, or might be, accepted, and an occasion thereby arise for the exercise of this power. We do not decide whether it was necessary for him to exercise this power before making the order of acceptance of the legal declination, or removal of the defendant from the office and duties of the trust. It is sufficient that it must be exercised near the time when the occasion arose that called for its exercise. For the reasons assigned the

plaintiff was not a legally appointed trustee, and the decree of the court to that effect was without binding force, inasmuch as there was no legal removal of the defendant as trustee, and no vacancy to be filled by the court. For this reason the plaintiff cannot maintain this action. This is not a collateral attack upon the decree of the Probate Court. The record itself fails to show notice to the defendant, a pre-requisite necessary to give the court jurisdiction to make the decree. An inspection of the record shows its invalidity.

II. We think the second point raised is equally fatal to the plaintiff's right to recover in this form of action on the facts found, if the appointment of the plaintiff could be held to be of legal force. By the appointment, he became a legal trustee of the fund, but not entitled to any specific securities nor to any specific amount until the court had first settled the defendant's account as such trustee, ascertained what trust funds he had in his hands, and determined the amount, by first deducting therefrom such amount as should be legally allowed for his services in caring for the fund. Under the discretionary power conferred by the will in regard to investments, it does not follow that he was to account for money. It is well settled that a trustee will not be allowed to realize a profit above his reasonable charges for its care, from the use or investment of the fund, nor is he, when acting under a discretionary power, such as is conferred by the will of this testatrix, necessarily to be charged with all losses which may result from his management of the fund. S. 2292 to 2299 all relate to making orders by the Probate Court for the conveyance of the trust estate by a trustee removed, or on his decease, by his legal representatives, to the new trustee, and for the management of the trust estate, and for the settlement of the trustee's account. While the action of general assumpsit is an equitable action, and is frequently held to be sustainable when money is shown to be in the hands of the defendant which equitably belongs to the plaintiff, this statement must be taken with some qualification and limitations.

In all trust estates the property may not be in money, or, if in money, the retiring trustee may have the right to retain it until his charges for services are settled, and he is allowed to deduct them from the funds in his hands. The settlement of these rights are in a court, clothed with suitable powers. *Congdon et ux.* v. *Cahoon el al.,* 48 Vt. 49.

In trusts, arising in the settlement of estates, the Probate Court has full equity powers conferred in the sections of the statute cited, and therein the manner of the exercise of these powers is prescribed. From the nature of trusts, and the powers and duties which inhere in the trustee in the management, as well as the provisions of the statute, it is manifest that the trust property should be ascertained with its increase, or diminution, and the account of the trustee should be settled, and an order made on the outgoing trustee to pass the amount or specific property ascertained to belong to the trust over to his successor before the latter can maintain an action at law for the estate decreed to be passed over to him. If such decree is for the payment of money no doubt this action could then be maintained. There is quite as much necessity for such an order from the Probate Court to maintain this form of an action against the outgoing trustee, as there is for such an order upon an executor or administrator to pay claims, distributive shares or legacies, to lay the foundation for a like action against the latter. This objection is also fatal to the maintenance of this suit.

*The judgment is reversed and judgment rendered for the defendant to recover his costs.*