## MAGGIE B. SEMMIG v. HIRAM MERRIHEW.

### October Term, 1894.

*Construction of will. Waiver of rights. By paying over funds. By settling account. Assumpsit will not lie.*

The plaintiff's husband by will, in which she was named executrix, bequeathed her all his personal property, made his debts a charge upon his real estate, and devised such real estate, subject to the payment of his debts and expenses, to the plaintiff and his daughter equally, provided that if the daughter should die before reaching the age of eighteen, the plaintiff should take the whole. The will gave the plaintiff full control of this real estate until the daughter became eighteen, and further provided that the plaintiff might, at her election, convert it into money, pay off a small incumbrance which rested upon it, and divide the balance between herself and daughter. The plaintiff elected to sell, and paid over to the defendant, as guardian for the daughter, one-half the balance. Subsequently, and before becoming eighteen, the daughter died. The question being whether the plaintiff was entitled to the daughter's share, *held*,

1. The sale of the real estate did not affect the rights of the parties, for, upon a fair construction of the will, the plaintiff held the proceeds after the sale in exactly the same way that she did the land before.

2. The plaintiff did not lose her claim by paying over the money, for while the payment was a voluntary one and made with full knowledge of the terms of the will, she did not know that the daughter would die before reaching eighteen, and that she would therefore have an interest in her share, and she cannot be said to have waived a right of the existence of which she did not know.

3. The plaintiff lost nothing by the decree of the probate court,

settling her account as executrix, in which she was credited with the payment of the daughter's share to the defendant, nor did the defendant gain anything by filing in that court his guardian account subsequently to the death of his ward, it not appearing that the court had taken any action thereon.

4. Since the defendant holds this fund as a trustee under the direction of the probate court, assumpsit will not lie against him for its recovery, certainly not until he has settled his account in that court and a decree has been made directing the payment to the proper persons.

Assumpsit. Heard upon an agreed statement of facts at the April term, 1894, Chittenden county. Judgment for the defendant. The plaintiff excepts.

The material part of the will was as follows:

"It is my will that all my just debts and funeral expenses be paid and discharged as soon as conveniently may be after my decease, out of the proceeds of my real estate.

"I give and bequeath unto my beloved wife, Maggie B. Chittenden, and her heirs and assigns, all the personal property, together with all the household furniture.

"I give, devise and bequeath to my said wife, Maggie B. Chittenden, and my daughter Ethel Chittenden, and their heirs forever, to be equally divided between them, all my real estate, consisting of seventy-five acres of land, more or less, situated on both sides of Dorset street in said South Burlington. Provided, if my said daughter, Ethel L., should die before attaining the age of eighteen years, then it is my will that the whole of my real estate should go to my wife, Maggie B.

"The above grant of real estate is subject, however, to the above provision for the payment of my debts and funeral expenses.

"And furthermore, it is my will that my said wife, Maggie B., shall have entire control of the whole of my real estate until the time that my daughter, Ethel L., shall arrive at the age of eighteen years. Unless she, the said Maggie B., shall think best to sell and dispose of said real estate before that time, then said Maggie B. is to have full power and authority to sell the same and to divide the proceeds of such sale (after paying the debts) with the said Ethel L. equally.

" I do hereby nominate and appoint my esteemed friend, Hiram Merihew, of said South Burlington, guardian of my daughter, Ethel L., until the said Ethel L. arrives at the age of eighteen years, or intermarries, without bonds.

" I do hereby nominate and appoint my said wife, Maggie B. Chittenden, executrix of this, my last will and testament, without bonds."

The remaining facts are fully stated in the opinion.

_Hard & Bliss_ for the defendant.

The plaintiff, with full knowledge of all the facts, paid over this money to the defendant voluntarily, and having done so cannot now recover it. 1 Chitty Pl., 367 ; 1 Pars. Cont. (6th Ed.), 466; 4 Wait's Act. and Def., 478 ; _Brisbane_ v. _Dacres_, 5 Taunt. 144 ; _Bilbie_ v. _Lumley_, 2 East. 469 ; _Forbes_ v. _Appleton_, 5 Cush. 115, 117 ; _Wheatley_ v. _Waldo_, 36 Vt. 237, 243 ; _McDaniels_ v. _Bank of Rutland_, 29 Vt. 230, 239 ; _Peterborough_ v. _Lancaster_, 14 N. H. 382, 388.

The action of the probate court upon the settlement of the plaintiff's account as executrix was, in effect, a decree of this money to the daughter. _Ward_ v. _Church_, 66 Vt. 490.

_Seneca Haselton_ and _Charles T. Barney_ for the plaintiff.

The clear intention of the testator was that the plaintiff should have the whole of this property if the daughter deceased before reaching eighteen. That intention should have effect. 1 Redf., Law of Wills, (2d Ed.) 433 ; _Corrigan_ v. _Kiernan_, 1 Bradf. Sur. Rep. 208 ; _Brown_ v. _Lyon_, 6 N. Y. 419 ; _Gray_ v. _Minnethrope_, 3 Vesey, Jr., 103 ; _Constantine_ v. _Constantine_, 6 Vesey, 100 ; _Homer_ v. _Shelton_, _Exr._, 2 Met. 202 ; _Randall_ v. _Joslyn_, 59 Vt. 557 ; _Chrystie_ v. _Phyfe_, 19 N. Y. 344 ; 1 Jar., Wills, (6th Ed.) 472 ; _Richardson_ v. _Paige_, 54 Vt. 373 ; _Executor of Judevine_ v. _Judevine_, 61 Vt. 587 ; _McMurry_ v. _Stanley_, 69,

Texas 227 ; *Roseboom* v. *Roseboom*, 81 N. Y. 356 ; *Camp-bell* v. *Beaumont*, 91 N. Y. 464 ; *Freeman* v. *Coit*, 96 N. Y. 63 ; *Darbell* v. *Hartt*, 137 Mass. 218 ; *Parker* v. *Isige*, 138 Mass. 416.

If the estate vested in the daughter upon payment to the defendant, it would still be determinable upon her death before reaching eighteen.    *Dodd* v. *Winship*, 99 N. Y. 505 ; *Randall* v. *Joslyn*, 59 Vt. 562.

ROSS, C. J.    I.    The plaintiff was the wife of Albert M. Chittenden, deceased, and the executor of his will.    The principal contention is as to the plaintiff's rights under the will—which was duly probated—to the amount paid by her to the defendant as guardian of the testator's daughter, Ethel L., who died before she attained the age of eighteen years.    The testator, by his will, charged his real estate with the payment of his debts and funeral expenses.    He gave all his personal property and household furniture to the plaintiff.    Then, subject to the payment of his debts and funeral expenses, he devised his real estate to be divided equally between the plaintiff and his daughter, Ethel L., with the proviso that if Ethel L. shall die before attaining the age of eighteen years, then the whole real estate is given to the plaintiff.    From this clause of the will, standing alone, the daughter, subject to the payment of his debts and funeral expenses, took one-half of the real estate in fee, with a conditional limitation or subject to be defeated, on the happening of the condition named.    On the happening of the condition, the plaintiff took the whole real estate.    The daughter died before attaining the age of eighteen years.    If at the time of her decease the property had remained real estate, the plaintiff would have been entitled to the whole of the real estate charged with the payment of the debts and funeral expenses of the testator.    The real estate was incumbered with the payment of an annuity

and a small mortgage. The will gives the whole control of the real estate to the plaintiff until the daughter becomes eighteen years old. Then, evidently thinking that caring for the real estate, which consisted of seventy-five acres of land, and the payment therefrom of the mortgage and annuity, might become burdensome to the plaintiff, the testator adds the further provision, that if the plaintiff should think best to sell the real estate before the daughter reached the age of eighteen years, she should have full authority to make the sale, and, after paying the charges thereon, divide the proceeds of the sale equally with the daughter. The plaintiff exercised this authority, sold the real estate, paid the charges, divided the remainder of the proceeds, and paid over one-half of them to the defendant, who had been appointed guardian of the daughter. The contention is first, whether by exercising the power and selling the real estate the plaintiff lost the right which she would have had, to the whole of the real estate, on the death of the daughter, or whether upon the death of the daughter she had the same right to the proceeds of the sale, which she would have had to the property sold. On the condition which has happened, if the property had remained in its original state, it is the clearly expressed purpose of the testator to give the plaintiff the whole of the real estate. This clearly expressed devise to the plaintiff will not be defeated unless the later provision in regard to the disposal of the proceeds of the sale—if the sale should be made—is clearly inconsistent with and repugnant to it. It is the duty of the court so to construe the will as to give force to every provision and clause, if it can reasonably be done, and so as to avoid rather than create a repugnancy between the different clauses and provisions of the will. The later provision fixes no time when the plaintiff is required to divide the proceeds of the sale with the daughter. She might well retain the proceeds of the sale until the daughter reached the required age to be entitled to

receive it herself. What immediately precedes the clause, requiring the plaintiff to divide the proceeds of the sale with the daughter, gives the plaintiff entire control of the real estate until the daughter becomes eighteen years old, and points to that age as the time when the proceeds shall be divided with her, if the sale is made. As a matter of caution, if the power of sale should be exercised, the testator provides that the proceeds shall stand in the place of the real estate, and be divided between the plaintiff and the daughter. But the provision for a sale contains no intimation that plaintiff will be debarred of any rights previously given by the testator, if she exercises the power of sale. These provisions, disposing of the real estate and of the proceeds derived from its sale, if the plaintiff shall judge best to exercise the power, create in and of themselves no necessary repugnancy. We think the testator intended to give, and did give, the plaintiff the same right to the proceeds of the sale of the real estate which he gave her to the real estate. Hence, if the plaintiff had retained the proceeds of its sale in her hands until the occurrence of the death of the daughter, she would have had the right to retain the whole of the proceeds left after the charges upon the real estate had been paid.

II. It is further contended that by paying the share of the daughter over to her guardian, the plaintiff has deprived herself of the right to recall it, because it is claimed that such payment was voluntarily made, with a knowledge of all the facts and provisions of the will. The payment, so far as appears, was voluntarily made by the plaintiff. She also knew the provisions of the will. While the plaintiff then knew that the daughter might die before she became eighteen years old, and that if the daughter did so die she would be entitled to the whole of the residue of the proceeds of the sale, she did not know, and could not know, at that time, whether the event would happen that would give her

the right to such proceeds. Whether the daughter would die before she was eighteen years old or not, was material and determinative of the plaintiff's right, or failure of right, to this portion of the estate. When she paid the money in controversy to the guardian, the plaintiff had no knowledge whether this controlling, determinative fact, would ever exist. Hence, she was ignorant whether a most material fact in regard to her right would ever exist when she made the payment. By making the payment, when and as she did, she did not waive a right which she did not know would ever exist, a right dependent on a limitation which might or might not ever exist. Hence, her right to this portion of the estate has not been lost or defeated by her payment of it to the defendant, as the guardian of the daughter Ethel.

III. The defendant further contends that the plaintiff has lost her right to the fund in the hands of the defendant by the decree of the probate court in settling and allowing her account as executrix. In that settlement she is allowed for paying this fund to the defendant as guardian of the daughter Ethel L., "being her equal share of the proceeds of the real estate as provided by the will of the testator." The will, as we have shown, gave Ethel L. this share of the proceeds, subject to be defeated, and given to the plaintiff, if Ethel L. should die before attaining the age of eighteen years. This allowance does not profess to adjudicate the plaintiff's right to this fund, on or after the happening of the condition of defeasance. It could not, as when made the condition had not happened, and it was not known that it would happen. The defendant, as required by law, filed his guardian account to January, 1893. The record does not show that the probate court took any action upon it, nor that there were any such parties before it that it could settle his account. The filing of the account was subsequent to the death of the ward. But without proper parties being called before it, and an adjudication settling the account and

ordering the fund paid to some one, the plaintiff could not be harmed nor concluded by the defendant's filing his account in the probate court. By the action of the probate court the plaintiff has not lost her right to this fund.

IV. There is, however, another view—which has not been urged in this court—against the plaintiff's right to maintain general assumpsit to recover this fund. The case does not state in terms the form of the action, but in the briefs, on both sides, it is assumed to be general assumpsit.

The defendant holds this fund in trust. He is a trustee appointed by the probate court, and under bonds. His ward has deceased. He has no interest in the fund further than payment for his services. The ward having deceased, he holds the fund for the person legally entitled to it. It is a trust peculiarly under the control of the probate court. It there arose, and is there being administered. There his account is to be finally settled, and such order made in respect to its disposition as the law requires. R. L. 2488. *Farewell* v. *Steen*, 46 Vt. 678. Assumpsit will not lie against such trustee, certainly not until the account is settled, and an order of payment made by the probate court. *Congdon* v. *Cahoon*, 48 Vt. 49 ; *Foss* v. *Sowles*, 62 Vt. 221. As a trustee he is not called upon to litigate with the plaintiff the rights of the heirs at law of his ward. They are not before this court, and cannot be concluded by its decision. While the case might have been disposed of on this view alone, the other points decided are properly raised, discussed and considered. Hence we have passed upon them as was desired by the parties represented.

*Judgment affirmed.*