Shauck, J.
It is entirely clear that by the terms of the will of Bradford R. Durfee, each of his children took an estate in fee simple in the lands devised, determinable, however, upon the contingency of death “without heirs capable of inheriting;” the estate, upon that contingency, to pass to the survivor by way of executory devise. Did this contingency occur as to Mrs. MacNeil; or is her surviving husband her heir within the meaning of the testator?
Under our present statute of descents and distribution the lands of a married woman who dies in testate and leaving no children or their representatives pass to her surviving husband, and he is entitled to her personal estate. He may, therefore, with strict regard to the significance of the term, be designated as her heir. But from the fact that the estates of deceased persons usually descend to their children, the term heirs is frequently regarded as synonymous with children. It would be unprofitable to analyze, or even to cite, the numerous cases in which the term has been held to have been used in its general sense to designate any one capable of inheriting, or in its limited sense to designate children, as the testator’s intention may appear from the scheme and all the provisions of his will. The flexibility of the term and the duty of the court to ascertain its meaning from *245 a consideration of the entire will are brought into clear view in Jones v. Lloyd, 33 Ohio St., 572, where it was held that the testator’s widow was not entitled to participate in a provision in favor of his heirs, although if he had died intestate she would have been his sole heir.
Since a brother is an heir in the general sense of the term, the provision that the estate of Mrs. MacNeil should, upon her death without heirs, pass to her brother by way of executory devise indicates that the term was not used in that sense. The testator could not have contemplated the death of one of his children without any heirs while the other survived. We think the testator used the term as meaning- children, and that to give effect to his intention we must hold that upon the death of Mrs. MacNeil, her estate passed over to the plaintiff in error by way of executory devise.
The judgment of the circuit court in favor of the plaintiff in error with respect to other property involved in the controversy suggests that this view of the testator’s intention must have prevailed there. We are not able to perceive any reason why the terms of the will should not control in the determination of the questions presented by the petition in error. The rights of the parties have not changed because of a change of the lands into money. The money arising from the sale of the land is subject to the testamentary provisions applicable to the land.
No estoppel arises against the plaintiff in error from the fact that he rendered accounts to his sister including proceeds of sale as well as income and paid her money or delivered to her notes on account of balances in her favor. This was his duty and his alleged failure to- perform it is the *246 principal ground of complaint in the original petition. He could not anticipate the happening of the contingency which determined her estate. They held like estates determinable upon a like contingency, and until that occurred each was entitled as unconditional owner as against the other. The case presents no equitable ground upon which the plaintiff in error can be regarded as estopped to assert as to the money the rights which he might have asserted in the lands if they had remained unsold. Semmig v. Merrihew, 67 Vt., 38.

Upon the facts found by the circuit cou/rt, the judgment will be reversed and a final judgment will be rendered in favor of the plaintiff in error.