## W. W. LYNDE, ADM'R OF MABEL R. BOWKER'S ESTATE, *v.* CHAS. H. DAVENPORT, ADM'R OF ROXANA J. DAVENPORT'S ESTATE.*

*Settlement of Estates. Trial by Jury. Trust. Action at Law. Equity. Practice. Exceptions. Offset.*

R. L. ss. 989, 2272–9.

1. In the County Court on appeal from the allowance of commissioners on a deceased trustee's estate as to what is due on account of the trust, the administrator of such estate is entitled to a trial by jury; and this is so, although the County Court, under R. L. s. 989, against the defendant's objection, appointed a commissioner to report the account, and a report was made.

2. The defendant, claiming a trial by jury, merely *objected,* but did not *except,* to the appointment of a commissioner. The claimant neglected to file a declaration until the next term, when the report was returned. Judgment was rendered on the report, and the defendant then excepted; *Held,* that the defendant could raise no question under his mere objection; but, as it was the duty of the claimant under the statute,—R. L. s. 2272,—to have filed a declaration sooner, he could raise under an exception to the rendition of judgment the question of his right to a trial by jury.

3. TRUST FUND—HOW RECOVERED. When the trust has ceased, and the fund has never been invested in any specific items of property, an action at law can be maintained to recover the value of the fund.

4. OFFSET. Both the trustee and beneficiary were married women, the latter dying without issue. In a settlement between the two estates, neither the trustee's nor her husband's account against the husband of the beneficiary is pleadable in offset against the claim of her estate, although her husband is the only person claiming such estate, and the trustee's husband the only person claiming the trustee's estate.

APPEAL from the decision of commissioners on the estate of Roxana J. Davenport. Heard by the court, September Term, 1883, ROWELL, J., presiding. Judgment for the claimant for the sum of $5,407.74.

* Heard, February Term, 1884; decided, February Term, 1885.

The appeal was taken by Chas. H. Davenport, administrator on the estate of Roxana J. Davenport, deceased, and entered at the March Term, 1883; and at the same term counsel for the claimant, administrator of the estate of Mabel R. Bowker, applied to the court and moved for the appointment of a commissioner under sec. 989, R. L., to make examination and report to the court. Before the commissioner the defendant offered to prove that said Chas. H. Davenport was the sole beneficiary under the will of said Roxana J.; that he had supported since 1871 the said Mabel R., which was worth $150 a year; that said Bowker was largely indebted to said Roxana J. But this was excluded, on the ground that such claims could not be offset in this action.

The exceptions stated that the defendant objected to the appointment of a commissioner, and insisted that he had a right to a trial by jury; but that no exception was taken to the ruling of the court in making the appointment, &c. The plaintiff, against the defendant's objection, filed a declaration in assumpsit, at the same term the commissioner's report was returned.

*Martin & Eddy* and *J. M. Tyler*, for the defendant.

The matter was not one which could properly be tried by a commissioner. The statute—R. L. s. 2279—provides that a question of fact may be tried by the jury. This declaration as filed is a compound of debt, general assumpsit, special assumpsit, and account. Waiving the question whether these counts can be joined, some of them or all of them present questions of fact. This is not an appeal from an accounting by any party. Defendants have all along refused to account. Defendants insist on a trial by jury under the Bill of Rights, and under the U. S. constitutional provision. Art. 7, Amend.

It is not a question of accounting; but as to the ownership of the legacy formerly in Mrs. Davenport's hands. This being so the defendant was entitled to a trial by jury.

*In re Weatherhead,* 53 Vt. 653; *Plympton* v. *Somerset,* 33 Vt. 283. The case does not come within section 989, but section 2279, R. L. *Harwood* v. *Boardman,* 38 Vt. 554. The defendant had an equitable offset, which should have been allowed. 13 Johns. 9; 2 Cranch, 342; L. R. 10 C. P. 676; 69 Ill. 547; L. R. 7 Q. B. 34; 1 Term, 618; L. R. 20 Eq. 155; 2 Wms. Peere, 128; 2 Hare, 539; 1 D. J. & S. 459; 1 Vt. 439; 1 Sch. & Lef. 305.

An action at law cannot be sustained. 14 Vt. 28; 7 Term, 2; 100 Mass. 322; 11 Cush. 506; 117 Mass. 219; 8 Term, 118; 5 East, 132; Per. Tr. s. 17; Co. Litt. 272 *b*; 2 Bl. Com. 336; 3 Ib. 439; 14 M. & W. 49; 108 Mass. 94; 2 Atk. 612; 32 N. Y. 33; 30 Md. 489; 26 Me. 504; 11 Ohio, 334; 4 Denio, 385; 10 Md. 35; 17 Ind. 291; 16 Pet. 25; 31 Ill. 464; 17 Ala. 743; 6 Iowa, 153; 36 Vt. 538. No order to pay over the money has been shown. 29 Vt. 519; 23 Vt. 306.

*Haskins & Stoddard* and *C. B. Eddy,* for the plaintiff.

It was not necessary to proceed in an equity court. The Probate Court has exclusive jurisdiction of the settlement of estates, and the Court of Chancery will not interfere except to aid · in the administration of justice. *Adams* v. *Adams,* 22 Vt. 58; *Boyden* v. *Ward's Adm'r,* 38 Vt. 360.

It has been held that a ward after obtaining his majority may bring suit directly against his guardian without citing him before the Probate Court to render an account, and without obtaining an order upon him to pay over the fund. *Harris* v. *Harris,* 44 Vt. 320.

The defendant administrator cannot hold the legacy in trust. It is a demand against said estate, and one which Mabel, if living, could enforce at law by an action of assumpsit against the administrator, or which she might present to the commissioners upon said estate. 3 Red. Wills, 306.

The opinion of the court was delivered by

TAFT, J. During the life-time of Roxana J. Davenport she was the wife of Charles N. Davenport, since deceased. Mabel R., the plaintiff's intestate, was an adopted daughter of Roxana J., and contemplating marriage with Edgar W. Bowker, a contract, creating a trust, was entered into, signed by the four persons named, Roxana J. being made trustee to hold the sum of $4,600 for the benefit of Mabel R., and any issue she might have. The fund was the property of Mabel, then subject to her absolute control. Chas. N. Davenport signed the contract, that it might be binding upon his wife, but assuming no personal responsibility. The trustee was invested with liberal powers in the management, use, and disposition of the fund. The details of the trust it is unnecessary to notice. All the parties, save Edgar W., having died, claim was made by the appellee for the amount of the fund which remained unexpended in the hands of Roxana J. at the time of her death. Such claim was presented to the commissioners appointed by the Probate Court to allow claims against her estate, and being allowed, an appeal was taken to the County Court; and it is in the proceedings in that court that the appellant claims there was error. The appeal was entered at the March Term, 1883, and the court appointed a commissioner under sec. 989, R. L , to examine the claim and make report. The appellant objected, claiming a jury trial. Hearing was had before the commissioner, who made report at the September Term, 1883; and upon hearing the claimant asked and had leave, against the objection and exception of appellant, to file a declaration. Judgment was rendered for the claimant without further hearing; and the appellant excepted. We do not find that any exception was taken to the order, denying the appellant a trial by jury, or appointing a commissioner. Exceptions are claimed, but not certified, and, therefore, cannot be considered. The provisions of chapter 118, R. L., regulate appeals from the Probate to the County

Court. Sec. 2272 provides that if a claimant before the commissioners appeals he shall at the time of filing his application for an appeal, file in the register's office a declaration, setting forth his claim; and sec. 2278 requires him to file in the County Court a certified copy of the record of the proceedings appealed from, and a certified copy of the declaration filed in the Probate Court. Sec. 2279 reads: "When such certified copy is filed in the County Court it shall try the question; and, if a question of fact is to be decided, issue may be joined thereon, under the direction of the court, and a trial had by jury." We think that, under this section, in all causes proper for a jury trial, either party has a right to such trial; and the question here is, has the appellant lost that right by not taking exceptions to the action of the court in appointing a commissioner at the March Term? Sec. 989, R. L., authorizes the appointment of a commissioner to take and report to the court the accounts of an executor, administrator, or guardian, in a case appealed from the decision of a Probate Court; but there is no authority given for such appointment in a cause passing to the County Court by appeal from the decision of commissioners to adjust claims against an estate. Sec. 2279, above quoted, points out the method of trial when it says the court "shall try the question; and if a question of fact is to be decided, issue may be joined thereon, under the direction of the court, and a trial had by jury." In all cases where questions of fact are to be decided, we think the parties are entitled to a trial by jury; i. e., in cases proper for a jury. The declaration filed might be in book or the common-law action of account, requiring the appointment of an auditor. But in cases proper, by the common law, "for the cognizance of a jury," we think the legislature intended to give the parties a right to a trial by that mode. At the time the order, appointing the commissioner, was made, no declaration had been filed; there was nothing in the case upon which issue could be joined; and exception

was taken as soon as there was anything in court (*i. e.*, the declaration) upon which the court could act. When the copies of appeal show that the claim is nothing but the settlement of the account of an officer named in sec. 989 a declaration may be unnecessary. But in other cases pleadings should be filed and issue joined. Such course is necessary to enable the court to determine how the case should be tried, whether by the court or an auditor; or, if a cause proper for a jury, by jury. The result, therefore, is, that the action of the court in rendering judgment, was irregular, and having been excepted to, the judgment must be reversed.

The next question made is, had the court jurisdiction, or should the claimant have sought relief in a court of equity? The trust was created by the act of the parties, terminable by the death of the beneficiary without issue, the fund to be paid her when twenty-five years of age, if she so desired. The beneficiary having deceased without issue, the trust was at an end. It does not appear that the fund was ever invested in any specific items of property. If it had been, and so continued, it could undoubtedly have been pleaded in defence of the claims in suit. All that appears in this respect is, that a legacy was placed in the hands of Mrs. Davenport in trust, to prevent a conversion of it by Mabel's intended husband.

The reason why an action at law cannot be maintained by the beneficiary, against a trustee, is that the *legal* title is in the latter, and not in the *cestui que trust.* Where an account between the trustee and the beneficiary has been stated, it has been held that assumpsit would lie against the trustee, while the trust was still open; and this upon the ground that a *legal* debt has been created between the parties. 2 Perry Trusts, 843. And the same has been held as to a single item, separated from an active and existing trust, by the court of King's Bench, composed of such judges as DENMAN, COLERIDGE, and LITTLEDALE. *Roper* v.

*Holland,* 3 A. & E. 99.   In the case of *Underhill* v. *Morgan,*
33 Conn. 105, a husband held certain property in trust for
his wife; and after the husband's death, the widow brought
assumpsit against the administrator of the husband's estate
for the trust funds remaining; and a recovery had.   The
question was made, whether she had such a legal title as
would enable her to maintain an action at law for the prop-
erty, and thoroughly discussed.   Mrs. Davenport was noth-
ing but a mere trustee.   The law required her to hold the
legal title for the benefit and protection of Mabel.   As soon
as the latter died without issue the trust ceased, and the ad-
ministrator of her estate was invested with the legal title
to the fund as well as the right of possession; and, there-
fore, can maintain an action at law to recover it.

We do not say but that the fund might be pursued in
equity.   It is probably the only way to follow it, if the
claimant wished to obtain the specific items in which the
fund had been invested; but we are clearly of opinion that
an action at law may be maintained against the estate of
the trustee.

We do not consider it necessary to notice the other ques-
tions discussed, except to say that we see no way by which
the claims in favor of either the estate of C. N. Davenport
or that of Roxana J. against Bowker can be set off against
the claim in suit.   Although Bowker may be the only person
now *claiming* the estate it may upon distribution be de-
creed to some one else, or there may be nothing left of it to
pass under the decree.

Judgment reversed and cause remanded to the County
Court for further proceedings.