## GRACE I. PARKER *vs.* TAYLOR O. PARKER.

January Term, 1897.

Present: TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*Action at Law upon Termination of Trust.*

The defendant received a fund to keep invested and pay with its accumulations to the plaintiff and her sister in stated shares upon their arrival at majority. *Held*, that the plaintiff, becoming of age, might maintain an action at law for her share, diminished by the expense of administering the trust.

*Lynde* v. *Davenport,* 57 Vt. 597, followed; *Congdon* v. *Cahoon*, 48 Vt. 49, distinguished.

ASSUMPSIT in the common counts. Plea, the general issue. Trial by jury at the March Term, 1896, Washington County, *Ross*, C. J., presiding. Verdict directed for the defendant. The plaintiff excepted.

*J. P. Lamson* for the plaintiff.

The trust has terminated and the legal title is in the plaintiff, so that a suit at law may be maintained. Any advancements or expenses chargeable to the fund may be offset.

The plaintiff is not seeking to establish a trust, for that is conceded, nor to settle a trust, for that was settled when the defendant took the money and agreed to pay it to the plaintiff when she became of age. *Lynde* v. *Davenport*, 57 Vt. 597; *Harris* v. *Harris*, 44 Vt. 320; *Underhill* v. *Morgan*, 33 Conn. 105.

*John W. Gordon* for the defendant.

The notes were given in gross to the defendant for two beneficiaries, only one of whom is a party to this suit. To allow one to recover her full share might be unjust to the other. All parties to the trust should be in court and this can be done only in equity. *Congdon* v. *Cahoon*, 48 Vt. 49; I Pom. Eq. Jur., §§ 150 and 151.

The trustee's expenses are a lien upon the fund and cannot be determined in this action. *Rensselaer & Saratoga R. R. Co.* v. *Miller & Knapp*, 47 Vt. 146, 152.

A court of law cannot determine the accumulations for which the trustee should be held liable. The legal rate of interest may not be the criterion.

TAFT, J. The only question in this case is whether the plaintiff can maintain an action at law to recover the claim in controversy or whether her only remedy is in equity.

The defendant received eleven hundred dollars in certain mortgage notes that were subsequently paid him. He was to take care of the fund, keep it on interest, and when the plaintiff and her sister, respectively, became of age, he was to pay five hundred dollars, with its accumulations, to the plaintiff, and six hundred dollars, with its accumulations, to the sister. The defendant insists that this transaction created such a trust that it can be settled only in a court of equity, relying upon the case of *Congdon* v. *Cahoon*, 48 Vt. 49. That was the case of trust created by a deed of real estate and the gift of certain mortgage notes. The trustees were to take charge of the property, collect the income thereof and expend it, and to some extent, expend the principal, in the support of the wife of the grantor in the deed, and four of his children. The beneficiaries were not entitled to equal shares of the income, but it was to be used in the discretion of the trustees in the support of them all. The plaintiff was one of the four children, and upon arriving at full age, when she was entitled to a certain share of the property, brought an action at law to recover it. The trust was still an active one; the trustees were to continue as such until the youngest child arrived at its majority, and there had been no settlement of the trustees' accounts. The plaintiff's share of the fund could not be determined except by a settlement of the trustees' accounts. It was necessary that all of the parties in interest should be parties to any settlement made, and it was very properly

ruled that the plaintiff could not recover at law any share that might, upon the settlement of the account, belong to her. The legal title of the property was in the trustees, and the only remedy any of the parties in interest had was in a court of equity that had complete and exclusive jurisdiction of the subject matter.

The case before us differs in essential particulars from that case. The defendant received the money, was under a duty to keep it bearing interest, and to pay the fund to the plaintiff upon her arrival at the age of majority. He was not authorized to expend any money, whatever, for the support of the plaintiff, and could have no claims in respect to it unless it was for his services in the care of it. The trust ended when the plaintiff became of age. She was then entitled to the money, and the legal title of the property became vested in her at that time. This being so, she has a right to maintain an action at law to recover it. The reason why a *cestui que* trust cannot maintain an action at law against the trustee is because the legal title of the property is in the latter and not in the beneficiary.

The defendant should account to the plaintiff; there can be no difficulty in determining the amount of the trustee's expenses for administering the trust, and any valid claim of that nature can be deducted from the amount of the funds in his hands before any judgment is rendered against him.

The plaintiff is entitled to the five hundred dollars and the accumulations less any valid expenses of the defendant in respect to the fund, and any payments heretofore made.

This case is ruled by that of *Lynde* v. *Davenport*, 57 Vt. 597; and see the cases therein cited. It has been held that in case of an active trust, the trustee is liable to an action at law in behalf of the beneficiary if any portion of the trust funds are separated from the main fund and the trustee promises to pay the beneficiary the amount. Under this principle, there was testimony which required a submission of the case to the jury, as there was evidence tending to

show that the defendant, when the money was demanded of him, replied that if the plaintiff would go with him, he would pay her a part of it, and secure her for the balance. She did go with him, as he proposed, stayed over night with him, but when asked for it in the morning, he said he was not ready to pay. This if true would entitle her to a recovery; but it is unnecessary to place the case upon this ground, as we think the equitable estate had ended, and the action at law maintainable.

*Judgment reversed and cause remanded.*