H. D. SNYDER *v.* P. L. PARMALEE.

October Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed January 17, 1908.

*Mortgages—Sale of Part of Mortgage Debt—Effect as to Security—Trusts—Common Law Suit by Beneficiary Against Trustee—When Maintainable—Pleading—Surplusage.*

In equity, where there is no agreement to the contrary, the mere sale of one of a series of promissory notes secured by the same mortgage carries with it a proportionate share of the mortgage security, and

the mortgagee thereafter holds the mortgage in trust for such purchaser to the extent of his interest.

By exception to the general rule that trusts are cognizable only in equity, a trustee may sometimes be sued at law by his beneficiary after the termination of the trust, as where the trust involves merely the investment of a fund and a specified application of its income, the principal to be paid to the beneficiary in a certain event, and that event has happened and the beneficiary become entitled to the fund.

Where a trustee has, in violation of his trust, so disposed of the trust estate that it cannot be followed, either in its original or substituted form, he may be sued at law by the beneficiary to recover damages for the breach of trust.

Where defendant, a mortgagee holding the mortgage in trust for plaintiff to the extent of one of the notes thereby secured, discharged the mortgage without plaintiff's knowledge or consent and in such circumstances that he cannot be reinstated, the mortgagee is liable to plaintiff in a suit at law for the damages caused by his wrongful act, regardless of whether it was fraudulent.

In such case it is not necessary to plaintiff's recovery that the discharge should have been fraudulently made, as the fact that defendant discharged the mortgage against plaintiff's right, and to his damage, is sufficient.

A court of law may consider and pass upon the facts constituting a trust, in order to ascertain whether the trustee's treatment of it entitled the beneficiary to a legal remedy.

A plaintiff need not prove more than is necessary for recovery, although more be alleged.


CASE for fraudulently discharging a mortgage. Plea, the general issue. Trial by jury at the March Term, 1907, Chittenden County, *Hall*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion fully states the case.

*Martin S. Vilas*, and *Cowles & Moulton* for the defendant.

The defendant's motion for a verdict should have been granted. The declaration relied on fraud, and none was proved.

32

*Colson* v. *Bean*, 78 Vt. 283. There was no evidence that defendant knew that the note had not been paid, and that was necessary to constitute fraud. *Derry* v. *Peck*, 12 E. R. C. 250; *Weir* v. *Bell*, 3 Ex. Div. 238.

At law fraud is never presumed, but must be proved, whereas in equity it may be presumed from the relative situation of the parties. *Jackson* v. *King*, 4 Cowen 207; *Gallatin* v. *Cunningham*, 8 Cowen 362; 1 Bigelow, Fraud, 137-138.

After the defendant transferred the note in question he held the mortgage as trustee of plaintiff to the extent of his interest in the security. The relation was that of trustee and beneficiary, and a beneficiary cannot sue the trustee at law for the invasion of a purely equitable right. *Norton* v. *Ray*, 139 Mass. 230; 2 Perry on Trusts, (5th ed.) §843.

*M. A. Bingham* and *H. F. Wolcott* for the plaintiff.

It is not necessary that the transfer should be in writing nor recorded, nor that the holder of the note should know of the existence of the mortgage security. *Pratt et al.* v. *Bank of Bennington*, 11 Vt. 294; *Keyes et ux.* v. *Wood et al.*, 21 Vt. 331; *Belding* v. *Manley et al.*, 21 Vt. 550.

Since plaintiff has at law an adequate remedy, he is confined to that. *Currier* v. *Rosebrooks*, 48 Vt. 36; *Abbott* v. *Booth*, 7 Vt. 181; *Washburn* v. *Titus*, 9 Vt. 211; *Smith* v. *Penningill*, 15 Vt. 82.

MUNSON, J. The plaintiff seeks to recover on a declaration at law which charges that the defendant fraudulently discharged a mortgage held by him, which secured a note belonging to the plaintiff that was otherwise valueless, and that the property was thereupon sold for cash to one who had no notice of plaintiff's claim. The defendant questions by his exceptions and argument the sufficiency of the allegation of fraud, the presentation of any evidence tending to show a fraudulent intent, the correctness of the charge as to what constitutes fraud, and the plaintiff's right to recover in a court of law.

The following facts were conceded at the opening of the trial. Blish executed to the defendant a mortgage of real estate to secure an indebtedness represented by a series of notes, and

afterwards conveyed the premises to Gonyeau, who assumed the payment of the mortgage debt. Soon after this the defendant sold one of the notes to the plaintiff, indorsing it without recourse. Blish died about this time, and his estate was duly settled and closed. Gonyeau afterwards conveyed the property to Parizo, who had no knowledge of plaintiff's claim; and defendant discharged the mortgage at or about this time. The property released was ample security for the note. It appeared further, from uncontradicted evidence, that there was no assignment of the mortgage on record. The only questions submitted to the jury had reference to the fraudulent character of the discharge, and the financial responsibility of Gonyeau. Neither party claimed the submission of anything further.

The transfer of the note carried with it a proportionate share of the mortgage security, and the defendant afterwards held the mortgage in trust for the plaintiff to the extent of his interest. *Keyes* v. *Wood*, 21 Vt. 331. It may be stated as a general proposition that matters of trust are cognizable only in equity, and that a trustee cannot be sued at law by his beneficiary. Perry, Trusts §17; *Congdon* v. *Cahoon*, 48 Vt. 52. But a suit at law can sometimes be maintained after the determination of the trust. When a fund has been placed in the hands of a trustee for investment and a specified application of the income, and the principal sum made payable to the beneficiary on the happening of a certain event, and the purpose of the trust has been carried out and the beneficiary has become entitled to the fund, it may be recovered in an action at law, even though the ascertainment of the amount requires the adjustment of a claim for compensation. *Lynde* v. *Davenport*, 57 Vt. 597; *Parker* v. *Parker*, 69 Vt. 352. A trustee may subject himself to a suit at law by his disposition of the trust estate. When a trustee has, in violation of his trust, so disposed of the trust estate that it cannot be followed, either in its original or substituted form, the beneficiary may sue at law to recover damages for the breach of trust; for he is then forced to rely on the personal liability of the trustee, and has no claim upon his estate superior to that of an ordinary creditor. *Lathrop* v. *Bampton*, 31 Cal. 17, 89 Am. Dec. 141.

In this case, the defendant has cancelled the title which he held for the plaintiff's benefit, under such circumstances that it cannot be reinstated. The only remedy left the plaintiff is to

charge the defendant personally with the damage caused by his wrongful act. His suit at law involves nothing beyond this. He is not asking the court of law to recognize his equitable right as a subject of jurisdiction. He is not undertaking to enforce a trust or to follow a trust fund. There is no principle which precludes a court of law from considering and passing upon the facts constituting a trust, to ascertain whether the trustee's treatment of it entitles the beneficiary to a legal remedy. We think the plaintiff may properly invoke the aid of a court of law.

Our next inquiry is whether the plaintiff's allegations and proof are sufficient to sustain the judgment obtained. It is not necessary to the plaintiff's recovery that the discharge should have been fraudulently made in any sense of the term. No question of reasonable proof or of honest belief is involved in the inquiry. It is enough that the defendant discharged the mortgage against the plaintiff's right and to his damage. The declaration shows a cause of action without reference to the allegation of fraud. A plaintiff need not prove more than is necessary to his recovery, although more be alleged. *Bosworth v. Bancroft,* 74 Vt. 451. The plaintiff is entitled to recover upon the facts presented by the concessions and by the uncontradicted evidence referred to. So it is not necessary to inquire whether the allegation of fraud was sufficient on motion in arrest, nor whether the finding of fraud was on correct instructions, nor whether there was any concession or evidence tending to establish fraud.

*Judgment affirmed.*