REGINALD W. WALKER'S GUARDIAN *v*. G. FRANK HENDEE.

February Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed May 11, 1927.

*Executors and Administrators—Action against Executor by Legatee—Sufficiency of Evidence To Support Finding.*

1. Action by residuary legatee against an executor for balance decreed by probate court to such legatee, not paid by executor in accordance with decree, but by him subsequently converted to his own use, although action of tort, *held* not action in trover, notwithstanding that in pleading under Practice Act (G. L. 1789 *et seq*.) terms appropriate to actions of trover were properly used to state facts. Governed by decision in *Reed* v. *Hendee, ante* p. 351.

2. In such action, evidence *held* to support finding that at time inventory and final account was filed and decree of distribution made executor had on hand for distribution certain assets of estate, in view of his direct and deliberate admissions in relation thereto, notwithstanding later on he testified to contrary.

ACTION OF TORT brought by residuary legatee against executor for conversion of residue of estate. Plea, general issue. Trial by court at the March Term, 1926, Rutland County, *Graham*, J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed*.

*Marvelle C. Webber* for the defendant.

*Lawrence, Stafford & Bloomer* for the plaintiff.

POWERS, J.  This is another of the group of four cases against this defendant heard together in this Court, but separately tried below.  The plaintiff had judgment there on findings by the court.  The defendant excepted.

Eliza P. Bailey died on June 23, 1923, and the defendant was her duly qualified executor.  Her estate consisted of both real and personal property, which the defendant converted into money.  He did not file in the probate court an inventory of the estate until November 5, 1924, on which day he filed and settled his administration account, and a decree of distribution was then made.  By this decree, the sum of $1,917.51 was decreed to Reginald W. Walker, a minor of whom E. H. Johnson was and is guardian.  This amount represented his share as a residuary legatee under the will. .This decree has never been complied with.  It is found that the defendant at the time of the decree had in hand the sum of $9,587.55, in cash.  This sum was ample to pay legacies and expenses, and leave a residue sufficiently large to make Reginald Walker's share the sum decreed to him; and it is further found that prior to this suit the defendant converted this money to his own use.

[1, 2]  The claim was made in this case, as it was in the others, that the complaint is in trover and that that form of action could not be sustained on the findings.  For the reasons given in *Reed* v. *Hendee,* 100 Vt. 351, 137 Atl. 329, this claim is not sustained.  The defendant excepted to the finding that the defendant had this money on November 5, 1924, for lack of supporting evidence.  But the defendant testified that on that date he had for distribution cash to the amount of $9,587.55.  He spoke positively about it.  He said there was not a particle of question about it.  Not only this, but in his final account he entered the item ''Cash to be decreed, $9,587.55.''

With these direct and deliberate admissions before it, though the defendant testified otherwise later on, it cannot be said that as matter of law the conclusion of the trial court was unwarranted.  This being so, the other questions raised are immaterial.

*Judgment affirmed.*