NELLIE L. REED *v.* G. FRANK HENDEE.

February Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed May 11, 1927.

*Executors and Administrators—Action against Executor by
Residuary Legatee for Funds Decreed to Legatee—G. L.
3195—Executor as Trustee—When Cestui May Sue Execu-
tor at Law—Action in Tort on Case To Recover from Execu-
tor Misappropriating Funds of Legatee after Final Decree
—All Reasonable Intendments in Favor of Rulings and
Judgment of Trial Court—Conclusiveness of Inventory Filed
under G. L. 3260—Sufficiency of Evidence To Support
Findings.*

1.  Action by residuary legatee against an executor for balance de-
    creed by probate court to such legatee, not paid by executor in
    accordance with decree, but by him subsequently converted
    to his own use, although action in tort, *held* not action in
    trover, notwithstanding that in pleading under Practice Act
    (G. L. 1789 *et seq.*) terms appropriate to actions of trover
    were properly used to state facts.

2.  When, after decree of distribution, executor neglects and refuses to
    pay over legacy to residuary legatee, latter may bring action
    of contract in nature of debt on decree for its recovery, under
    G. L. 3424, but being final and not adminstrative decree, may
    not proceed against him in probate court under G. L. 3195.

3. Executor is trustee whose trust terminates upon final decree of distribution, when nothing remains to be done but pay over money in accordance with decree, and under such circumstances, or when trustee has, in violation of his trust, so disposed of trust estate that it cannot be followed, beneficiary may sue at law to recover his damages.

4. When final decree was made in estate, administration ended, and legal title which had previously been in executor passed to legatee by operation of law, who, upon subsequent misappropriation and conversion of these funds by executor, might bring action against him in tort in nature of action on the case to recover his damages.

5. All reasonable intendments are in favor of rulings and judgment of trial court.

6. In view of requirements of G. L. 3260, that executor shall within specified period file inventory of goods, chattels, rights, and credits of deceased coming to his "possession or knowledge," such inventory, standing alone, is not conclusive as to executor's possession of assets shown by inventory at date thereof.

7. In action by residuary legatee against executor for balance decreed to such legatee, subsequently converted by executor to his own use, trial court's conclusion as to executor having had certain funds in his possession at time he filed his inventory, *held* not unwarranted by evidence.

8. In such action, where executor in his final account, charged himself with the "proceeds" of certain securities, but evidence was conflicting as to whether he had such money on hand at time of decree, finding that executor did have such funds at that time will not be disturbed.

ACTION OF TORT brought by residuary legatee against executor for conversion of residue of estate. Plea, general issue. Trial by court at the March Term, 1926, Rutland County, *Graham*, J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Marvelle C. Webber* for the defendant.

*Lawrence, Stafford & Bloomer* for the plaintiff.

POWERS, J.  The defendant was the executor of the will of
Harriet C. Barnes, late of Pittsford, and as such administered
upon her estate through the probate court of the district of
Rutland.  The plaintiff was the residuary legatee under the
will.  The defendant settled his administration account on July
28, 1925, and on that date the probate court ascertained and
adjudged that the residue of the estate consisted of $4,151.93, in
money, and decreed the same, less the inheritance tax of $207.59,
to the plaintiff.  The defendant did not comply with the decree,
but, having paid the tax, he converted the balance of the residue
to his own use.  Thereupon this tort action was brought.  The
trial below was by the court, and it being stipulated that if en-
titled to recover at all in this action the plaintiff should recover
the amount decreed to her together with the sum of $500, ex-
emplary damages, judgment was rendered on findings filed for
the recovery of said sums, and a certified execution was granted.
The defendant excepted.

[1]  The main point of the defendant's claim is that the
action is essentially trover, and since the findings show that it
did not appear where the funds covered by the decree were kept
or deposited, nor in what form or denomination of currency they
were, the subject-matter of the alleged conversion was not
sufficiently ear-marked to afford a basis for an action of trover.

The answer is that the action is not trover at all.  To be
sure, it is alleged that the defendant embezzled and misappro-
priated the funds, and converted the same to his own use; but
this is so alleged because, under the Practice Act, it was neces-
sary for the pleader to tell the story as it was, and terms appro-
priate to actions of trover were properly used to state the facts.
But the complaint was under the Act, and the only question is
whether on the facts stated the plaintiff can recover in a tort
action.

[2]  When this executor neglected and refused to pay over
this legacy, the plaintiff might have brought an action of con-
tract in the nature of debt on the decree for its recovery, G. L.
3424; *Weeks* v. *Sowles,* 58 Vt. 696, 698, 6 Atl. 603.  But it being
a final decree and not an administrative decree, she could not
proceed against him in the probate court under G. L. 3195.  *In
re Bingham,* 32 Vt. 329.  So, if the plaintiff has any remedy
against the defendant's body, it must be found in this action.

[3]  As we have often said, an executor is a trustee; and
23

while the general rule is that a *cestui* must sue in equity to enforce the trust—since the legal title is in the trustee (*Lynde* v. *Davenport,* 57 Vt. 597)—he may sue the trustee at law when the trust has terminated. And the trust is considered to be at an end when nothing remains to be done but pay over the money. *Lynde* v. *Davenport, supra,* 603; *Parker* v. *Parker,* 69 Vt. 352, 354, 37 Atl. 1112; *Chase* v. *Perley,* 148 Mass. 289, 19 N. E. 398; *Johnson* v. *Johnson,* 120 Mass. 465, 466; *Spencer* v. *Clarke,* 25 R. I. 163, 55 Atl. 329, 332.

So, too, when a trustee has, in violation of his trust, so disposed of the trust estate that it cannot be followed, the beneficiary may sue at law to recover his damages. *Snyder* v. *Parmalee,* 80 Vt. 496, 499, 68 Atl. 649; *Miller* v. *Belville,* 98 Vt. 243, 249, 126 Atl. 590.

[4] When this final decree was made, administration ended, the trust terminated, the character of the defendant's liability changed from an official to a personal one, and the plaintiff's inchoate title to the funds decreed to her became complete. 3 Woerner, Admr. 1952. The legal title which previously had been in the executor passed to her by operation of law, and the funds became her absolute property. *Hall* v. *Windsor Savings Bank,* 97 Vt. 125, 144, 121 Atl. 582, 124 Atl. 593; *In re Clark's Estate,* 100 Vt. 217, 136 Atl. 389. By his subsequent misappropriation and conversion of these funds, the executor subjected himself to an action for damages. This action of tort in the nature of an action on the case is well brought for the recovery of such damages. The defendant has deliberately defrauded the plaintiff of her legacy, and it would be strange, indeed, if he could escape the usual consequences of such offenses. In principle the case is not unlike *Snyder* v. *Parmalee* and *Miller* v. *Belville, supra,* in which tort actions were maintained.

The defendant saved several exceptions to the findings of the court. Some of these challenge the finding that he had in his possession at the date of the inventory the assets of the estate shown thereby.

[5] All reasonable intendments are in favor of the rulings and judgment of a trial court. *Cleveland* v. *Rand,* 90 Vt. 223, 229, 97 Atl. 989. Therefore, doubts arising on a bill of exceptions are to be resolved against the excepting party, *Comstock's Admr.* v. *Jacobs,* 86 Vt. 182, 185, 84 Atl. 568; doubtful findings are to be so read as to support the judgment, if they reasonably

may be, *Scott* v. *St. Johnsbury Academy,* 86 Vt. 172, 174, 84 Atl.
567; agreed statements of fact are to be construed in the light
most favorable to the prevailing party, *In re Braley's Estate,*
85 Vt. 351, 352, 82 Atl. 5; doubt as to the weight of the evidence
will be resolved against the exceptor, *Platt* v. *Shields & Conant,*
96 Vt. 257, 270, 119 Atl. 520; and this Court will read the evi-
dence in the light most favorable to the findings. 4 C. J. 777.
Throughout this opinion, we give the plaintiff the benefit of
these rules.

[6]   It is obvious that the inventory, alone, is not con-
clusive on the question above referred to.   For, in conformity
with the requirements of the statute under which it was filed
(G. L. 3260), it covers ''goods, chattels, rights and credits'' that
had come to the defendant's *knowledge,* as well as what had
come to his possession.   But the inventory did not stand alone.
The defendant testified that he had in his possession, at the time
he made the inventory, the assets shown thereby.   It is true that
he also testified to the effect that two items of the inventory,
aggregating some $5,000, represented money received from prop-
erty belonging to the executrix, which money came into his
hands during her lifetime, and that this had been used up by
him prior to the date of the inventory; so that as he claims these
two items as set down in the inventory, represented debts against
him instead of cash on hand.   This evidence was offered and
received, not to reduce the amount of the recovery, but to show
that the plaintiff could not recover at all in this form of action.

[7]   The evidence tended to show that the defendant was
administering on several different estates, and that it was his
custom to deposit funds belonging to these estates in an account
in the Marble Savings Bank, of Rutland, standing in the name
of ''G. Frank Hendee, Admr.''   There was evidence that some
of his private funds went into this account and that he drew
money from it as his necessities, private or representative, re-
quired.   This account was practically exhausted prior to April
4, 1925, the date of the inventory.   With the evidence standing
in this way, we cannot say as matter of law that the conclusion
of the trial court to the effect that at the time he filed his in-
ventory the defendant had procured from some source and then
held funds that he had elected to treat as the ''proceeds'' of the
Victory Bonds and the Town Order scheduled therein, was un-
warranted.

[8] On the question whether the defendant had this money on hand at the time the decree was rendered, the evidence stands in much the same way. It was conflicting. As rendered, his final account indicated that he did have it. He therein charged himself with the "proceeds" of the securities above referred to. No suggestion was made or intimation given that these proceeds were not in hand, or that they were only represented by debts against the defendant. It is quite apparent that the probate court accepted the account at its face value, for the decree recites that—"It appears by the records and files of said court that * * * * there remains in the hands of said G. Frank Hendee, executor as aforesaid, * * * * the sum of $6,151.93, in money." Though a copy of the decree containing this recital was placed in the defendant's hands, no protest or suggestion came from him or his counsel—so far as appears. Construing the transcript according to the rule above referred to, the defendant testified both ways on the question we are now considering. In one place in the transcript, he testified that he had the sum of $3,944.32, the amount decreed to the plaintiff; and later on, he testified that he did not have it. Both statements refer to the date of the final decree, as we read the transcript. Here, again, the evidence stood in such a way that it presented a question of fact and we cannot disturb the finding. It follows that, inasmuch as the defendant admits that he has converted the funds, the finding to the effect that the conversion was after decree and before suit must stand.

The exceptions to the refusal to find according to the defendant's requests, so far as they refer to the matters hereinbefore referred to, do not require separate consideration. The other requests were either complied with or are immaterial.

*Judgment affirmed.*