ANDREW JACKSON WOODBURY'S ADMINISTRATRIX *v.* G. FRANK
HENDEE.

February Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed May 11, 1927.

*Executors and Administrators—Insufficiency of Evidence To
Support Finding—Legatee Has No Action for Funds
Loaned to or Converted by Executor Prior to Decease of
Testatrix.*

1. In action of tort by administratrix of deceased legatee against
   executor, for failure to pay legacy in accordance with decree
   of distribution, and for having converted such funds to his
   own use, where defendant claimed that funds were the pro-
   ceeds of certain securities, received by him from testatrix and
   converted into cash and the avails thereof loaned to him dur-
   ing her lifetime, *held* that evidence was insufficient to sup-
   port finding that such proceeds were in defendant's possession
   as part of estate at time inventory was filed or afterwards.

2. Funds loaned to or converted by executor prior to decease of
   testatrix never became part of her estate, hence legatee could
   have no action in tort for default in relation thereto.

ACTION OF TORT brought by administratrix of deceased
legatee against executor for default in payment of legacy and
conversion thereof to his own use. Plea, general issue. Trial
by court at March Term, 1926, Rutland County, *Graham*, J.,
presiding. Judgment for the plaintiff. The defendant ex-
cepted. The opinion states the case. *Reversed and remanded.*

*Marvelle C. Webber* for the defendant.

*Lawrence, Stafford & Bloomer* for the plaintiff.

POWERS, J. This is one of a group of four cases against
this defendant, heard together in this Court, but standing on
different records. It is predicated upon the default of the de-
fendant in not complying with the decree of distribution of the
estate of Harriet C. Barnes, of which the defendant was executor
as shown by *Reed* v. *Hendee*, 100 Vt. 351, 137 Atl. 329. Andrew
J. Woodbury was named in Mrs. Barnes' will as a legatee for the

sum of $1,000, which legacy, less the inheritance tax of $50, was decreed to him by the decree referred to, which was dated September 1, 1925. It is agreed that the legatee has since deceased and that Ida Betts, who prosecutes this suit, is his administratrix. The defendant has not paid this legacy, but has converted it to his own use. Judgment below was for the plaintiff and the defendant excepted. The form of action is like that in the Reed case, and for the reasons therein given may be maintained, if the plaintiff has made out a case. The findings are substantially like those in the Reed case, and are excepted to as unsupported by evidence. Though the inventory decree and questions of fact are like those in that case, the evidence and claims of counsel are quite different. The finding here is to the effect that the defendant had in cash at the date of the inventory, final account, and decree, the amount of this legacy. In support of the exception to this finding, the transcript is referred to. Turning to it, we find a situation entirely different from that presented in the Reed case. In the trial of this case, the only evidence tending to show that the money for this legacy was in the defendant's possession at the time referred to was what the documents specified show. The defendant did not admit that he had the proceeds of the bonds or the proceeds of the town order,—the two items referred to in the Reed case,—at the time the inventory was filed, or ever after that. On the contrary, he testified that he received these securities from Mrs. Barnes, herself, converted them into cash in her lifetime, and deposited their avails in the account in the Marble Savings Bank referred to in the Reed Case; that he had these avails so early in 1923, that on April 3 of that year he deposited a part of them as above, and that on May 23, following, he so deposited the balance of them; and that on July 2, 1923, Mrs. Barnes loaned these avails to him. It was from that date that he was charged interest thereon in his final account. The defendant also testified to the effect that he had drawn this money from the bank prior to that date, that he received from the sale of certain other bonds specified in his inventory, the sum of $1,016.34, which he deposited in the account on November 21, 1924, and that the account was practically exhausted by withdrawals on December 20, 1924. Mrs. Barnes died December 6, 1923, and the defendant qualified as her executor on March 11, 1924.

[1, 2]   So far as this testimony referred to the source of

these items, the dates and amounts of deposits and withdrawals, the defendant was fully corroborated by the bank books. So far as the bonds first above referred to are concerned, he was also corroborated by the deposit slip, a letter from the bank, and the testimony of the treasurer of the bank. So in this case, we have no admission by the defendant tending to sustain the finding. Nor was the evidence above referred to limited by counsel as in the Reed case. It is quite apparent that funds loaned to or converted by the defendant prior to Mrs. Barnes' death never became a part of her estate. Nothing further appearing, no legatee would have this tort action against the administrator or an individual for such default, if one was made. The decree did not and could not result in any perfected title to something that never formed a part of the estate. So unless there was evidence before the trial court warranting the inference that the claim which Mrs. Barnes in her lifetime had against the defendant on account of the avails of the town order and the bonds first sold had been liquidated in some way,—by payment, restitution of funds, or otherwise,—the finding that the defendant had these "proceeds" at the time the inventory was filed or afterwards cannot stand. No such evidence is pointed out; and while it appears that the sum of $2,800 was deposited to the credit of the account on September 21, 1923, and that various other sums were thereafter credited to it, there is nothing to show where they came from or that they or any of them were ever appropriated to Mrs. Barnes or her estate, and they were all drawn out by December 20, 1924. The finding in question was founded largely on the fact that the inventory was sworn to and filed as a part of the record in the probate court; but as pointed out in the Reed case, the oath covers both property in hand and property that came to the defendant's knowledge. The evidence so decisively preponderates in favor of the defendant that the exception to the finding must be sustained. At the special request of the defendant, supplemental findings were made showing the receipt and withdrawal of the money realized from the securities as shown by the bank books. The court below should have found, as further requested, that the defendant had the proceeds of the town order and the bonds first sold in the lifetime of Mrs. Barnes.

It may appear somewhat disappointing that the result herein should not be in accord with that in the Reed case, but it must

not be forgotten that the question involved is as to the sufficiency of evidence; that the two transcripts vary widely; and that there is nothing for this Court to do but review the case made by the record.

*Judgment reversed and cause remanded.*