FRED B. HOWARD *v.* WALTER C. CHAPMAN.

February Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed May 4, 1928.

*Frank E. Barber* and *E. W. Gibson, Jr.,* for the defendant.

*Arthur V. D. Piper* and *Herbert G. Barber* for the plaintiff.

POWERS, J. ■ The original complaint contained four counts, all in tort form, the writ issued as a capias, and the defendant was arrested thereon. The case came on for hearing below, and the plaintiff was allowed without exception to strike out the fourth count of the complaint. Thereupon, a trial was had by the court, and after the evidence was all in, the defendant moved to dismiss the action on· the ground that the fourth count was in contract and the court was without jurisdiction under the holding in *Roy* v. *Phelps,* 83 Vt. 174, 177, 75 Atl. 13. This motion was overruled, and the defendant excepted. The court then found the facts, and rendered judgment thereon, to which the defendant excepted. If the count referred to was, in fact, in contract, the defendant's contention would be sound; for the process being void, it was unamendable, and striking out the count did not result in giving the court jurisdiction of it. *Ibid.* But the count referred to was not in contract. It may or may not be good as a count in trover. That question is wholly immaterial. The question is, does it state facts entitling the plaintiff to a remedy by way of a body action. In *Reed* v. *Hendee,* 100 Vt. 351, 353, 137 Atl. 329, a very similar claim was made. It was there said that trover would not lie on the facts alleged. But we held that the action was not trover; that it was a Practice Act complaint, and that the only question was

whether on the facts stated the plaintiff could have a tort-wise recovery.

 The case made by this fourth count does not differ in essence from the case above cited. There, an executor had settled his final account, and had been ordered by the probate court to pay over to the plaintiff a specified sum of money. Instead of doing so, the defendant converted the money to his own use. Here, the defendant did not deposit the money as directed by the plaintiff, but converted it to his use. One so defrauded may bring an action of tort in the nature of an action on the case for his damages. To be sure, a broken promise is no fraud. But the subsequent appropriation of the plaintiff's money, which is the basis of this action, was a fraud upon the plaintiff, for which the law gives a remedy by way of a body action. See *Snyder* v. *Parmalee*, 80 Vt. 496, 68 Atl. 649; *Miller* v. *Belville*, 98 Vt. 243, 126 Atl. 590.

*Judgment affirmed.*