SABINE *v.* ROUNDS, JUDGE OF PROBATE.

*Mandamus. Appointment of Executor. Allowance of Appeal.
Gen. Sts. c. 38, s. 5.*

The appointment of an executor is the appointment of the testator, and not of the Probate Court; and the court is bound to commission whomsoever the testator appoints, if he accepts the trust and files a proper bond, unless he is shown to be unfit for such trust. Therefore mandamus will not lie to compel the court to allow an appeal from the issue of letters testamentary to such a person so appointed and so qualified.

Denial of appeal by the Probate Court to which appellant is entitled, is such a mistake within the meaning of s. 5, c. 38, Gen. Sts., as entitles the appellant to relief under that section.

Mandamus is an extraordinary remedy that courts will not apply where the petitioner has another adequate remedy.

PETITION FOR MANDAMUS. The petition alleged, in substance, that in 1877, Lucia H. Cleveland, of Windsor, of whom the petitioner was an heir-at-law, died testate, having made the petitioner one of her legatees, and in her will named J. B. Farnsworth as its executor; that soon after her death her said will was delivered to the Probate Court for the District of Windsor, whereupon the court appointed the 11th day of June, 1877, for its probate, and ordered the usual notice to that effect; that on that day the petitioner and others who were interested in the estate of the said Lucia, appeared before the court and opposed the appointment of said Farnsworth as executor and the issuing of letters testamentary to him, and that testimony was heard relative to the proof of the will, but that the court continued the hearing until June 14th; that on that day, the said Farnsworth having filed a bond conditioned for the faithful discharge of his duties, the court appointed him executor of said will, and issued to him letters testamentary thereon, whereupon the petitioner, on July 3d, feeling himself thereby injured, filed notice of appeal therefrom to the then next stated term of the County Court; and that after due deliberation, the court, on July 14th, refused to allow said appeal, claiming and pretending that the petitioner was not in law entitled thereto. The petition further alleged that the petitioner and the said estate

were, as he believed, greatly injured by the refusal of said appeal. *Prayer*, for mandamus, to compel the Probate Court to allow said appeal.

The petitionee answered, alleging, in substance, that after the examination of witnesses as to the proof of the will, at the hearing of June 11th, the petitionee announced to the parties present that he should allow the instrument presented as the will of the decedent, whereupon the counsel for the petitioner said that an appeal would be taken from such allowance, and queried as to the appointment of a special administrator, and whether some one could not be agreed upon who would be acceptable to all parties, upon which the petitionee stated that in the absence of any good reason to the contrary, the person named as executor in the will would be appointed special administrator, when the counsel for the petitioner said that if he was to be appointed there would be no appeal from the allowance of the will, but that there might be an appeal from the issue of letters testamentary to the executor named; that, though it appeared that the petitioner wanted some one other than the person named as executor, appointed to administer upon the estate, yet, as it was not pretended that he was incompetent or unfit, his competency was taken for granted, and the matter was continued, to afford an opportunity to the person named as executor to file a bond as required by law, which he did on June 14th, when the will was probated, and letters testamentary issued in conformity to s. 1, c. 50, Gen. Sts.; that on July 3d the petitioner filed an application for an appeal from the appointment of the executor, and that the petitionee denied the appeal on July 14th. The answer insisted further, that no just construction of the statute relating to appeals from the Probate Court would authorize an appeal here, as there was no " order, sentence, decree, or denial " in the act of issuing letters testamentary in strict conformity to the clear and positive directions of the statute, to the person appointed by the testator.

*James N. Edminster*, for the petitioner.

An appeal may be taken from any order or decree of the Probate Court, whether discretionary or not, provided the matter is

finally disposed of.  *Adams* v. *Adams*, 21 Vt. 162;  Gen. Sts. c. 48, s. 30.  But not from a mere interlocutory order.  *Timothy* v. *Farr*, 42 Vt. 43.  Thus an appeal may be taken from the appointment of an executor or administrator.  *Shumway* v. *Shumway*, 2 Vt. 339.  The Legislature so understood it, as it provided that no appeal should be taken from the appointment of a special administrator.  Gen. Sts. c. 51, s. 5.  Here the appointment was made under Gen. Sts. c. 50, s. 1.  Appeal may be had under Gen. Sts. c. 48, s. 30.

*L. Adams*, for the petitionee.

The appeal is from the appointment of the executor.  But there was no such order, sentence, decree or denial, within the meaning of s. 30, c. 48, Gen. Sts., as would give the right of appeal.  The Probate Court did not appoint the executor.  The executor was appointed by the testator.  Toller Executors, 11;  Fonb. Eq. 556;  *The King* v. *Raines*, 3 Salk. 162.  The court acted not judicially, but ministerially.  The letters were merely the executor's commission, and not his appointment.  *Drew* v. *Russell*, 47 Vt. 250.

The statute was imperative upon the court.  Gen. Sts. c. 50, s. 1.  An issue of letters testamentary could have been enforced by mandamus.  *The King* v. *Raines*, 1 Salk. 299;  *Marbury* v. *Madison*, 1 Pet. 267.

But if the appeal was illegally denied, this writ is not the remedy.  The petitioner's remedy is given by s. 5, c. 38, Gen. Sts.  Mandamus does not lie where there is another appropriate remedy.  *In re White River Bank*, 23 Vt. 478;  *Bradish* v. *Redway*, 35 Vt. 424;  *Free Press* v. *Nichols*, 45 Vt. 7;  *Rex* v. *Bishop of Chester*, 1 T. R. 396;  *In re Presson Farwell*, 2 N. H. 123.

The opinion of the court was delivered by

POWERS, J.  This is a petition for a writ of mandamus.  The petitioner, an heir-at-law of Lucia H. Cleveland, deceased, complains that he has been wrongfully denied an appeal from a decree made by the respondent as Judge of Probate for the District of Windsor, appointing one J. B. Farnsworth as executor of the will of said Lucia.  The proceedings of said Probate Court in

admitting said will to probate, and the application of the petitioner for an appeal from the allowance of said will, so far as concerns the appointment of the executor, are fully set forth in the petition and answer, and are to be taken as true.

It appears that the petitioner asked for no appeal from the order allowing the probate of the will itself, but objected to the executor named therein. The Probate Court adjudged that the appointment of the executor was no part of the duty of the court, but on the contrary, the court was bound to commission whoever was nominated by the testatrix in her will, unless it was shown that such person was unfit for the trust. No claim was made of any unfitness in the nominee. We think the Probate Judge was right in his views of his official duty.

The Probate Court has no power to appoint an executor. The testator has this right, and the statute is peremptory that the Probate Court shall issue letters testamentary to the person named, if he accepts the trust and files the proper bond. The whole theory upon which the right to make a will rests, implies that a person controlling his property in life may determine its dominion after death, and direct who shall make distribution of it.

The old cases held that naming an executor was essential to the validity of the will itself. Though this doctrine does not now prevail, it shows that the source of the appointment has always been traced to the testator.

The respondent had no power, and claimed no power, to adjudicate upon the question of Mr. Farnsworth's appointment as executor. No order involving the exercise of judicial discretion was made, and hence no appeal was possible.

Another fatal objection to this petition is made in the case. Sec. 5, c. 38, Gen. Sts., provides that the Supreme and the County Courts shall have jurisdiction to grant leave to take an appeal from any order or decree of the Probate Court, in cases where the appeal is lawful, and the party entitled has been deprived of his appeal by fraud, accident, or mistake. The remedy given by this section is the same as that given by a later section of the same chapter, to defendants in suits before justices of the peace who have been deprived of an appeal under the same cir-

cumstances. Under the latter section, it has been held that a denial of an appeal to which the applicant was entitled, was such a mistake as entitled him to relief. Sec. 5 should have the same construction.

The writ of mandamus is an extraordinary remedy that courts apply to prevent a failure of justice, and never issues unless the applicant has a .clear legal right, and .has not other specific, adequate remedy.

The petition is dismissed with costs.