*In re* HIRAM BELLOWS' ESTATE.    EDWARD A.
SOWLES, APPELLANT.

*Executors and Administrators.    R. L. ss.* 2065–67, 2270.

Under the statute,—R. L. s. 2065,—an executor has the right of appeal from an
order of the Probate Court removing him and appointing an administrator in
his place.

APPEAL from the Probate Court ordering the removal of the
defendant as executor of the will and estate of Hiram Bellows,
deceased, and the appointment of S. S. Allen as administrator
of said estate.    Heard by the Court, April Term, 1886,
Franklin County, ROYCE, Ch. J., presiding.    Judgment that
the appeal be dismissed.    The case appears in the opinion.

*E. A. Sowles, pro se.*

The statute allowing appeals applies to this case.    R. L. ss.
2270–5–9.    The legality of the order is brought in question,
and this clearly entitles the defendant to an appeal.    *Holmes*
v. *Holmes*, 26 Vt. 536 ; *Hilliard* v. *McDaniels*, 48 Vt. 124 ;
*Adams* v. *Adams*, 21 Vt. 162.

Our courts have sustained appeals from the appointment of
administrator under various circumstances, and no suggestions
are found that the right of appeal depends upon any circum-
stances.    *Hilliard* v. *McDaniels*, 48 Vt. 124 ; *Woodward* v.
*Spear*, 10 Vt. 420 ; *Fletcher's Case*, 29 Vt. 98 ; *Anderson's
Case*, 42 Vt. 350 ; *Lawrence* v. *Inglesby*, 24 Vt. 42 ; *Willey*
v. *Brainerd*, 11 Vt. 107.

The case of *Felton* v. *Sowles*, 57 Vt., does not apply to this
case.    This was not a final order.

In re Bellows' Estate.

Sec. 2627 of Rev. Laws was not enacted at the time of the testator's death. At common law no bond from an executor was required. *Ames* v. *Armstrong*, 106 Mass. 15; *Wms. Ex.* p. 527; *Adams* v. *Adams*, 21 Vt. 162; *Bellows* v. *Sowles*, 57 Vt. 164; *Weeks* v. *Sowles*, 58 Vt. 696.

*Cross & Start*, for the plaintiffs.

On refusal of the appellant to furnish the bail required by the order of the Probate Court, the judgment of said court now appealed from is expressly authorized by the Rev. Laws, s. 2074. The power of removal conferred by this statute for neglect and refusal to comply with the orders of the court is intended as a summary method of deposing an impecunious and defiant executor, administrator or trustee, and thereby save the estate from being squandered and diverted.

The decree appealed from is the natural and inevitable result of non-compliance with the order to file a bond as executor of Hiram Bellows' estate, and if that order is not the subject of appeal this cannot be.

It has already been decided by this court that the order requiring the executor to file a bond in this case, was one from which no appeal would lie. *Felton* v. *Sowles*, 57 Vt. 382.

The reasoning of the court in that case applies with equal force to the order under review here.

In *Leach* v. *Leach*, 51 Vt. 440, this court held that an order, in its terms broad enough to provide for the maintenance of a widow and her minor children during the settlement of the estate, is within the discretion of the Probate Court and conclusive, and no appeal lies from such decree.

The record shows no interest of the defendant in the estate that would allow him an appeal. *Hemmenway* v. *Corey*, 16 Vt. 225.

The opinion of the court was delivered by

TAFT, J. The appellant was executor of the estate of

Hiram Bellows.  Under the last clauses of sec. 2067 R. L.,
he was ordered by the Probate Court to file a bond as execu-
tor, and upon his neglect to do so, and for that reason, the
court removed him and appointed an administrator, *c. t. a.*
From the order of removal and appointment the said Sowles
appealed.  The appellees, being legatees under the will,
moved, in the County Court, to dismiss the appeal for two
reasons, viz. : First, that the decree and order of the Probate
Court was not one from which an appeal would lie ; second,
that Sowles had no such interest in the estate as entitled him
to an appeal.  The County Court dismissed the appeal and
the appellant excepted.  This brings the two questions before
us for revision.  Sec. 2074, R. L., expressly authorizes the
Probate Court to remove an executor who neglects to perform
an order of the court.  The authority of the court so to do is
not here questioned.  Sec. 2270, R. L., provides that " a per-
son interested in an order, sentence, decree or denial of a Pro-
bate Court, who considers himself injured thereby may  *   *   *
appeal."  This case was once before the court (see 57 Vt. 382),
and it was then held that no appeal would lie from the order
of the court requiring an executor to file a bond under the
last clause of sec. 2067, R. L. ; and the appellees contend, with
much force, that where an executor is removed for neglect to
comply with an order from which he could not appeal he is
consequently denied an appeal from the removal itself.  We
do not think this necessarily follows.  We think that if the
statute gives the right of an appeal in any instance, it does in
all, whatever the reason for the exercise of the right may be.
The statute, as made, is general, and gives to any party inter-
ested an appeal from any order, etc., which is the subject of
an appeal by any one.  Our legislation and the decisions of
our courts support the view here taken.  Sec. 2081, R. L., pro-
hibits an appeal from the appointment of a special adminis-
trator, the necessity of which section is not apparent, unless
without it a proper party would be entitled to one.  Sec. 2065,
R. L., clearly recognizes the right of appeal by providing that

In re Bellows' Estate.

" upon appeal from an order appointing an administrator the County Court shall, if such appeal is sustained, fill the vacancy thereby caused by immediate appointment of a suitable person as administrator, and the judgment and appointment shall be certified to the Probate Court, and such court shall, when such administrator files the bond required of administrators, grant letters of administration to him as though he had been appointed by such court." Whether the evil of leaving an incompetent and unfaithful deposed executor in control of the estate, as suggested by the brief of the appellees, would follow as the result of an appeal, we are not called upon to decide, as the question is not before us. Upon a similar question in case of a guardian (*State* v. *McKown*, 21 Vt. 503), it was held that an appeal did not vacate the order of removal, but suspended the rights of the removed guardian until restored by a decision of the appeal in his favor. And see *Small* v. *Haskins*, 26 Vt. 209. But with this question we have nothing to do. And see cases of appeal from the appointment and removal of administrators. *Re Holmes Estate*, 26 Vt. 536; *Re Anderson's Estate*, 42 Vt. 350; *Hilliard* v. *McDaniels*, 48 Vt. 122. We hold that the order was one from which a proper party might have taken an appeal.

Had the executor, Sowles, the right to an appeal? The executor of a will is the creation of the testator. The Probate Court has no power of appointment, the testator alone has this right. The dominion of the property after the testator's death is given the executor. *Sabine* v. *Rounds*, 50 Vt. 74. We think the executor has such a right to the property of the estate, conferred upon him by the will, as gives him the right of an appeal. He has, unless unfit, the legal right to administer the estate. What the rule may be in case of an administrator simply, or one *c. t. a.*, we are not called upon to decide.

There was error in dismissing the appeal.

Judgment reversed and cause remanded.

POWERS, J., did not sit, being absent.