IN RE MYRON A. DENNIS' ESTATE.

Special Term at St. Johnsbury, April, 1925.

Present: POWERS, TAYLOR, SLACK, and BUTLER, JJ., and GRAHAM, Supr., J.

Opinion filed May 6, 1925.

*Adoption—Legal Status of Adopted Person in State Other Than That in Which Adopted—Comity—Extent of Application Where Laws of Two Jurisdictions Differ—Descent and Distribution—Rule as to Personalty—Wills—Law Governing Operative Effect Where Testator Has Changed Domicile to Another State.*

1. The legal status acquired by a person adopted in another state, together with consequent capacity to inherit from adopting parent under the laws of such state, will be recognized and upheld in this State so far, and only so far, as they are not inconsistent with its laws and policies.

2. Comity is not a rule of law, but one of practice, convenience, and expediency, which persuades but does not command, and gives way when the established policy of state of forum indicates a different rule.

3. Law of New Hampshire, constituting adopted child heir of adopting parent with rights equal to those of a natural child, will

be given effect in Vermont, being in accord with G. L. 3762, but provision of New Hampshire law that any child omitted from a decedent's will shall share in his estate the same as in case of intestacy, will not be enforced in Vermont, being inconsistent with its law.

4. Personal property is always to be distributed according to the law of decedent's domicile at time of death.

5. While testator's intention as expressed in a will is to be ascertained by consideration of circumstances surrounding him at time he executed will, of which law of his domicile at that time would be one, operative effect of will must be settled by law of his domicile at time of his death.

APPEAL from decree of distribution made by probate court for District of Caledonia. Trial by court, at the June Term, 1924, Caledonia County, *Chase, J.,* presiding. Demurrer to claimant's amended complaint sustained, and judgment affirming decree of probate court. Claimant excepted. The opinion states the case. *Affirmed.*

*O. B. Hughes* and *A. S. McLaud* (Greenfield, Mass.) for the claimant.

*Searles & Graves* for the estate.

POWERS, J.  This is an appeal from a decree of the probate court for the District of Caledonia making final distribution of the estate of Myron A. Dennis, late of St. Johnsbury, who died domiciled there on February 16, 1922, leaving an estate consisting of personal property, only. This property was willed by Dennis to persons other than the claimant, Alice L. Willard, of Montague, Mass. In the county court, the claimant was allowed to file an amended complaint, to which the administratrix demurred. The demurrer was sustained, the decree of the probate court reinstated and affirmed, and the claimant excepted. The only question here relied upon is whether or not the claimant is entitled to share in the distribution of the testator's property in spite of the will.

The claimant, by a valid decree of the probate court of Grafton County, N. H., on June 5, 1901, became the adopted daughter of the testator. On November 8, 1913, while the

testator was domiciled at Orford, N. H., he executed the will in question. He subsequently removed to St. Johnsbury, and established his domicile there as already shown. At all times herein mentioned, the statutes of New Hampshire gave an adopted child all the rights of a natural child in the estates of the adopting parents, except such as might be limited to the heirs of the body; and they contained a provision that "every child * * * of the deceased not named or referred to in his will, and who is not a devisee or legatee, shall be entitled to the same portion of the estate, real and personal, as he would be if the deceased were intestate." It is upon these New Hampshire statutes that the claimant bases her claim, her position being that inasmuch as the will was made in New Hampshire, these statutes control the distribution of the property.

[1, 2] By the rules of comity, the legal status acquired by the claimant under the New Hampshire adoption, together with the consequent capacity to inherit the decedent's property, will be recognized and upheld in this State, so far, and only so far, as they are not inconsistent with our own laws and policies. *Shick* v. *Howe*, 137 Iowa, 249, 114 N. W. 916, 14 L. R. A. (N. S.) 980; *In re Williams*, 102 Cal. 70, 36 Pac. 407, 41 A. S. R. 163; *Van Matre* v. *Sankey*, 148 Ill. 536, 36 N. E. 628, 23 L. R. A. 665, 39 A. S. R. 196, and note; *Ross* v. *Ross*, 129 Mass. 246, 37 A. R. 321. The case last cited forms the basis of most of the American decisions on this subject. Chief Justice Gray speaks for the Court and lays down the rule as follows: "It is a general principle that the status or condition of a person, the relation in which he stands to another person, and by which he is qualified or made capable to take certain rights in that other's property, is fixed by the law of the domicile; and that this status and capacity are to be recognized and upheld in every other state, so far as they are not inconsistent with its own laws and policy." This limitation of the rule as thus expressed is of first importance here. As we have said, it is comity that gives the claimant in this State the standing of an adopted child of the testator. Comity is not a rule of law, but one of practice, convenience, and expediency. It "persuades, but it does not command." *Mast, Foos & Co.* v. *Stover Mfg. Co.*, 177 U. S. 488, 44 L. ed. 858, 20 Sup. Ct. 708. It gives way when the established legislative policy of the state of the forum indicates to its courts a different rule. *Walworth* v. *Harris*, 129 U. S. 362, 32 L. ed. 714, 9 Sup.

Ct. 340. So it is that comity never requires a court to give effect to the laws of another state which conflict with those of its own state. Wharton, Confl. L. § 598; *Lowndes* v. *Cooch,* 87 Md. 478, 39 Atl. 1045, 40 L. R. A. 380; *Wellman* v. *Mead,* 93 Vt. 322, 107 Atl. 396.

[3] So far, then, as the adoption went in constituting the claimant an heir of the decedent with rights equal to those of a natural child, we will give it effect to the same extent as the New Hampshire court would if intestate distribution of the estate was to be there made; for thus far their statute is in accord with ours. G. L. 3762. But this is as far as we can go. Her right to inherit any part of this estate depends upon our law. 5 R. C. L. 1017. The statute giving a child a share in its parent's estate when left out of the will has no counterpart in our statutes. It is not consistent with our law, which allows a testator to do as he will with his property, so far as his children are concerned. The case, then, comes within the limitation, and the rule does not apply. This is made plain by the Ross case: "Subject to this limitation," says the learned court, referring to the limitation above stated, "upon the death of any man, the status of those who claim succession or inheritance in his estate, is to be ascertained by the law under which the status was acquired. His personal property is indeed to be distributed according to the law of his domicile at the time of his death, and his real estate descends according to the law of the place in which it is situated; but, in either case, it is according to those provisions of that law which regulate the succession or the inheritance of persons having such status."

"The validity of every devise or disposition of real estate by will," says the court in *Ford* v. *Ford,* 70 Wis. 19, 33 N. W. 188, 5 A. S. R. 117, "must be governed by the law of the place where the land is situated; * *. * * on the contrary, although not as well defined nor as extensively enforced, yet the authorities clearly support the proposition that the validity of a bequest or disposition of personal property by last will and testament must be governed by the law of the testator's domicile at the time of his death, and this includes not only the form and mode of the execution of the will, but also the lawful power and authority of the testator to make such disposition."

To the same effect is *Jones* v. *Habersham,* 107 U. S. 174, 27 L. ed. 401, 2 Sup. Ct. 336. The rule was applied in *Keegan* v.

*Geraghty,* 101 Ill. 26, with express approval of *Ross* v. *Ross, supra,* with its limitation. The case involved the right of one adopted in Wisconsin to take by representation in Illinois. The court said: "The rights of inheritance acquired by an adopted child under the laws of another state where he was adopted, will be recognized and upheld in this state only so far as they be not inconsistent with our laws of descent, so that, if such child cannot take by descent by our statute, it cannot take at all, no matter what may be the law of the state where the adoption was made." This rule was re-affirmed in *Van Matre* v. *Sankey, supra.*

*In re Braithwaite,* 19 Abb. N. C. (N. Y.) 113, illustrates the application of the rule in its converse aspect. Braithwaite, while domiciled in Rochester, N. Y., made a valid will by which he gave his entire estate to persons named therein. He afterwards married the contestant and moved to Maryland, where he established a domicile, and he died there without issue by this marriage. His will was probated in New York, where he had personal property. By the New York law he was authorized to dispose of all his property by will, and a marriage without issue was no revocation. In Maryland, a widow left unprovided for in the will, took a specified share of the personalty. It was held that the New York personalty passed under the Maryland and not the New York law.

[4]    The foregoing is merely an application of the universal rule that personal property is always to be distributed according to the law of the domicile of the decedent at the time of his death—a rule that we recently approved in *Re Lawrence's Will,* 93 Vt. 424, 108 Atl. 387. And this rule holds good whether the property is testate or intestate estate. *Irwin's Appeal,* 33 Conn. 128, Redf. Wills, *399; 2 Kent, *429.

[5]    It may be conceded that the construction of this will— that is to say the ascertainment of the testator's intention as expressed in the instrument—is to be fixed by a consideration of the circumstances surrounding the testator at the time he executed the will, of which the law of New Hampshire was one; but its operative effect is to be settled by the law of this jurisdiction. His change of domicile after making the will carried this result. 1 Alexander, Wills, § 275; *Note to Smith* v. *Union Bank,* 5 Pet. 518, 8 L. ed. 212; Story, Confl. L. Ch. 11, § 473; 2 Schouler, Wills, § 839.

This will, then, speaks the language of the New Hampshire law, but it does not bring with it into this State the statutory favor to the claimant that the law of that state grants, but the law of this State withholds. A natural child cannot be disinherited in New Hampshire; but he can be in Vermont. In such conflict, we give effect to our own law. *Steele* v. *Steele,* 161 Mo. 566, 61 S. W. 815; *Keegan* v. *Geraghty,* 101 Ill. 26; *Sturdivant* v. *Neil,* 27 Miss. 157.

*Judgment affirmed. Let the result be certified to the probate court.*