EARL J. WALKER'S GUARDIAN *v.* G. FRANK HENDEE.

February Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed May 11, 1927.

*Executors and Administrators—Action against Executor by Residuary Legatee for Funds Decreed to Legatee—Burden of Proof—Tort Action against Executor by Legatee under G. L. 6876 for Misappropriation of Money of Estate— Pleading—Failure To Specify Statute upon which Action in Tort Founded—County Court Rule 11—Waiver of Noncompliance with Such Rule by Proceeding to Judgment without Raising Question of Defect.*

1.  In action of tort by residuary legatee against executor for conversion of residue of estate, burden of proof was on plaintiff to show that defendant's misappropriation was at a time and under circumstances enabling him to maintain this suit.

2.  Residuary legatee, to whom executor has failed to pay amount decreed to such legatee by final decree, may, after such decree, maintain action of tort against executor for misappropriation of money of estate that took place prior to decree, by force of G. L. 6876, which makes such misappropriation a felony, such statute having been passed primarily for the protection of persons so defrauded, and to supply defect of remedy provided by G. L. 3424, which, although permitting legatee to sue for his legacy, does not give body action against executor.

3.  In action of tort by residuary legatee against executor for conversion of residue of estate accruing prior to final decree, where complaint sets up facts sufficient to make case under G. L. 6876, *held* that no direct reference to statute was required as matter of pleading.

4.  In such action, failure to specify in complaint particular statute relied upon, in compliance with county court rule 11, requiring that complaint in statutory action of tort provided by G. L. 1789, when brought on statute, shall specify statute relied upon, is waived by allowing case to proceed to judgment without raising question as to defect.

ACTION OF TORT brought by residuary legatee against executor for conversion of residue of estate. Plea, general issue. Trial by court at the March Term, 1926, Rutland County, *Graham*, J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Marvelle C. Webber* for the defendant.

*Lawrence, Stafford & Bloomer* for the plaintiff.

POWERS, J. This is the last of the four cases against this defendant, heard together in this Court, but tried separately below. The plaintiff had judgment below, and the defendant excepted.

Earl J. Walker, a minor represented here by this guardian, E. H. Johnson, was a residuary legatee of the Eliza P. Bailey will; as such he was decreed the sum of $1,917.51, on November 5, 1924. This sum has not been paid, and the funds of the estate have been converted by the defendant.

[1] It is found in this case that the property shown by the defendant's inventory came into his possession as executor, and avails thereof were originally deposited in the Marble Savings Bank to the credit of the account referred to in the other cases; that defendant's private funds and funds belonging to other estates went into this account; that on November 5, 1924, the defendant filed his final account showing cash on hand for distribution $9,587.55, of which the sum named above was decreed to this plaintiff; that before this suit was brought, the defendant used the money in his own affairs, leaving nothing for this plaintiff. These findings present a novel situation. It is not here found that the defendant had this money on November 5, 1924, though the court refused to find that he had used it up prior to that date. So this fact—whether his conversion was before or after the date named—is left unfound. The burden of proof was on the plaintiff to show that the defendant's misappropriation was made at a time and under circumstances enabling him to maintain this suit. The lack of the finding referred to presents an entirely different question of law than was presented in any of the other cases. That question is this: Can a legatee, after final decree, maintain an action of tort against an executor for a misappropriation of the money of the

estate that took place prior to the decree? In such a case, the decree has nothing to act upon, and, assuming that the money has been so disposed of that it cannot be traced or followed, the legal title never reaches the legatee. So the doctrine of *Reed* v. *Hendee,* 100 Vt. 351, 137 Atl. 329, does not apply.

If an executor or administrator stood like an ordinary trustee in such circumstances, we might have no difficulty in reaching a conclusion that this action could be maintained on the authority of *Snyder* v. *Parmalee,* 80 Vt. 496, 68 Atl. 649, and *Miller* v. *Bellville,* 98 Vt. 243, 126 Atl. 590. But, under our statutes, the probate court is given plenary and exclusive jurisdiction in the matter of the settlement of the estates of deceased persons (*Sparrow* v. *Watson,* 87 Vt. 366, 370, 89 Atl. 468); and before we can dispose of the question under discussion, a further consideration of the legal responsibilities of this executor must be had.

It is said that by the early law of England, one prejudiced by such a devastavit as is here involved was only a simple contract creditor of the defaulter, 3 Williams Exrs., 2161; *Charlton* v. *Low,* 3 P. Wms. 331; 1 Com. Dig. 352. This rule seems to have arisen from an early day anxiety lest, if the law bore too heavily on an executor, it would be difficult to find persons who would assume the responsibilities of such a trust. However this may be, it is quite apparent that our Legislature does not share this fear, for more than forty years ago it passed an act making the conversion and embezzlement of the funds of an estate by an executor a felony; and such has been the law of this State ever since. G. L. 6876.

[2]    May this action be maintained by force of this statute? Though the statute does not in terms give such an action to one who suffers by such misconduct, the answer to the question propounded depends upon the intent of the Legislature in passing the act; and that intent is to be determined by the application of the rule approved in *Wlock* v. *Fort Dummer Mills,* 98 Vt. 449, 461, 129 Atl. 311. If the act was passed for the benefit and protection of this plaintiff or a class of persons to which he belongs, he may bring this action for the recovery of the damages he has suffered by the defendant's wrong. We think that a primary purpose of the Legislature in passing this act was the protection of persons situated as this plaintiff is. That it was also a primary purpose of the Legislature to punish an executor

so offending does not prevent the result stated. Under the common law, a legatee thus defrauded was confined to such remedies as availed only against the defaulter's property, and (under the statute) to that of his bondsman. If they were without property, the legatee was without adequate remedy. Though G. L. 3424 enables him, after decree, to sue for his legacy, it does not give a body action. *Graffam* v. *Ray,* 91 Me. 234, 39 Atl. 569. To supply this defect of remedy, this act was passed; at least, this was one of the ends sought by the Legislature. It enables this legatee to proceed against this executor in any appropriate form of complaint including tort, with all the attendant incidents of that form of action as generally applied.

[3, 4] But it is said that the complaint herein is not predicated upon and makes no reference to the statute. It is true that there is nothing in the complaint to indicate that the suit is predicated upon the statute. But it sets up all the facts required to make a case thereunder, and as a matter of pleading, no direct reference to the statute was required. *Wescott* v. *Central Vt. R. R. Co.,* 61 Vt. 438, 441, 17 Atl. 745; *Morrisey* v. *Hughes,* 65 Vt. 553, 558, 27 Atl. 206; *Sharby* v. *Town of Fletcher,* 98 Vt. 273, 277, 127 Atl. 300. Then, too, by force of county court rule No. 11, the statutory action of tort (G. L. 1789) includes actions on statutes wherein an action of tort is indicated. This rule, to be sure, provides that in actions on statutes the complaint shall specify the particular statute relied upon. But this defect has been waived by allowing the case to proceed to judgment without complaint. Otherwise, we should entertain a motion to amend.

*Judgment affirmed.*