FIRST NATIONAL BANK OF BOSTON, TRUSTEE UNDER THE WILL OF CHARLES H. BAYLEY

*v.*

ERWIN M. HARVEY, COMMISSIONER OF TAXES.

May Term, 1940.

On Motion for Reargument, October Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 1, 1940.

Opinion upon Motion for Reargument filed November 6, 1940.

282

*Lawrence C. Jones,* Attorney General, and *Erwin M. Harvey,* Commissioner of Taxes, *pro se, (Gelsie J. Monti* and *Philip B. Billings* on the brief), for the defendant Tax Commissioner.

*George L. Hunt* and *George S. Fuller,* for original petitioner as appellee.

SHERBURNE, J. Charles H. Bayley, late a resident of Newbury, in this State, deceased testate on January 28, 1928, leaving a large estate. His will was admitted to probate by the probate court for the district of Bradford, and letters testamentary thereon were issued to the petitioner, therein named as executor. By decree of the probate court on April 29, 1929, the petitioner, as the trustee named in the will, having duly qualified, received the residue and remainder of said estate in cash and securities, which it has since held and administered "wholly in the State of Massachusetts." By the terms of the will and the decree of the probate court, this residue and remainder, and the accumulations thereon, are to be held and invested upon trust, to pay the widow and certain other life beneficiaries annual incomes, and to pay stated amounts annually to certain charities located within and without the State. After the death of the last life beneficiary, the trust is to be terminated, and the principal and accumulations are to be distributed to certain trusts for charities within the State, and to certain charitable institutions without the State.

The petitioner duly filed income tax returns for the years 1933, 1934, 1935, 1936 and 1937, and was assessed taxes upon the undistributed income from the trust funds. On or about March 13, 1936, the petitioner duly applied to the commissioner of taxes, pursuant to the provisions of P. L. 908, for a revision of the taxes assessed against it on account of such income for the years 1933 and 1934; on or about March 8, 1938, it applied for a revision of the tax assessed against it for the year 1935; on or about May 2, 1938, it applied for a revision of the tax assessed against it for the year 1936; and on or about June 11, 1938, it applied for a revision of the tax assessed against it for the year 1937. These applications were held and heard together, and after hearing thereon, were, on August 29, 1939, denied by the commissioner of taxes; and the petitioner thereupon petitioned the Washington

County Court, pursuant to P. L. 909, for a revision of the determination of the commissioner, and for a refund of any taxes paid which should be found to have been illegally assessed. The case comes here upon the exceptions of both parties.

In this Court the petitionee filed a motion to dismiss the petition because the presiding judge of the county court did not take security by way of recognizance to the petitionee, conditioned that if the petitioner fails to prosecute its appeal to effect it will pay the intervening damages and costs accruing to the petitionee by reason of such appeal, as required by P. L. 2114. This motion was overruled.

■■ P. L. 909 directs that the citation attached to the petition shall be signed by the county clerk and says nothing about any recognizance. As to whether any recognizance was required we need not determine, but it is clear that the kind of a recognizance set up in the motion was unnecessary. P. L. 2114 is a part of chapter 92 of the Public Laws, which has to do with new trials in the supreme, county and municipal cours; with the setting aside of default judgments rendered by a county or municipal court, when the defendant or a trustee is unjustly deprived of a hearing by fraud, accident or mistake; with granting leave to enter an appeal from the probate court where the petitioner has been prevented from taking or entering an appeal by fraud, accident or mistake; and with setting aside judgments of a justice of the peace in certain cases of fraud, accident and mistake, and hearing and determining the action in a court having jurisdiction of causes appealed from such justice. From an examination of P. L. 2114, it clearly appears that its provisions are applicable only to proceedings authorized by such chapter.

The petitioner claims that the undistributed income is exempt from taxation under the provisions of P. L. 875, II, (f), which reads as follows:—

> "II. The words 'gross income' do not include the following items, which shall be exempt from taxation, under this chapter, except as otherwise provided:
> "(f) An individual or fiduciary who holds in trust a fund to be used exclusively for charitable, benevolent, religious, public or educational purposes."

In view of the definition of "gross income" as given in division I of this section to include gains, profits and income derived from salaries, wages, or compensation for personal service, or from professions, vocations, trades, business, commerce, and net rentals from real and personal property, the net income from which, under the provisions of P. L. 873 is taxed at one rate, while the income from investments is taxed at another rate, it may have been inept to put paragraph (f) supra, in sec. 875, rather than in a section referring to investment income, although if a fund was invested in income producing real estate and tangible personal property, to that extent it is aptly placed.

 If it can fairly be done, a statute must be so construed as to accomplish the purpose for which it is intended, and the intention and meaning of the Legislature are to be ascertained and given effect, not from the letter of the law which is not in all cases a safe guide, but from an examination of the whole and every part of the act, the subject matter, the effects and consequences, and the reason and spirit of the law, although the intention and meaning thus ascertained conflict with the literal sense of the words. *Brammall* v. *Larose*, 105 Vt. 345, 349, 165 Atl. 916, and cases cited.

 An examination of the prior paragraphs (a) to (e) inclusive shows that they speak of certain classes of income "received" or "acquired," while paragraph (f) mentions an individual or fiduciary who "holds" in trust. Taking chapter 39 of the Public Laws relative to income taxes, of which sec. 875 is a part, as a whole, and also having regard to the provisions of P. L. 590, IV relative to the exemption from taxation of real and personal estate granted, sequestered or used for public, pious or charitable uses, which had long been in force prior to the enactment of the income tax law, it is clear, as the court below ruled, that the Legislature intended to exempt the income from a fund held in trust and "to be used exclusively" for the purposes enumerated, although the proper words to set forth specifically income are not used, and this exemption applies to all kinds of income received from such a fund, whether from tangible or intangible property.

 A statute providing for exemption from taxation is to be strictly construed, and no claim for exemption can be sustained unless within the express letter or the necessary scope of

the exemption clause. *Spaulding* v. *City of Rutland,* 110 Vt. 186, 192, 3 Atl. 2d. 556; *City of Winooski* v. *Companion,* 105 Vt. 1, 162 Atl. 795; *Town of Sheldon* v. *Sheldon Poor House Assn.,* 100 Vt. 122, 130, 135 Atl. 492; *In re Hickok's Estate,* 78 Vt. 259, 262, 62 Atl. 724, 6 Ann. Cas. 578. Thus viewed, we hold that the word "exclusively" applies to the entire use of the fund, and not merely to that part of the income from the fund which is to be used for the enumerated purposes. As the trust fund is to be used in part for non-exempt purposes, all the income therefrom is subject to taxation.

The county court held that, as the petitioner is a non-resident, it is not taxable upon the undistributed income of this trust fund, and gave judgment for a refund of the taxes paid. The exceptions saved require an examination of the applicable provisions of the Public Laws.

By sec. 872, II, a "fiduciary" means a guardian, trustee, executor, administrator, receiver, conservator, or any person, whether individual or corporate, acting in any fiduciary capacity for any person, estate or trust. By sec. 873, an income tax is imposed upon every resident of the State, and the rates and exemptions are set out. Sec. 874 reads as follows:

> "I. The taxes imposed by this chapter shall be imposed upon fiduciaries, which taxes shall be levied, collected and paid annually with respect to:
>
> "(a) That part of the net income and the income from stocks, bonds, notes, agreements or other interest bearing securities of estates or trusts which has not been distributed to beneficiaries during the income year. In the case of two or more joint fiduciaries, part of whom are nonresidents of the state, such part of the net income shall be treated as if each fiduciary had received an equal share; (By No. 38 of the Acts of 1937, Part III, sec. 3, the last sentence was amended out.)
>
> "(b) The net income and income from stocks, bonds, notes, agreements or other interest bearing securities received during the income year by deceased individuals who, at the time of death, were residents and who have died during the tax year without having made a return;

"(c) The net income and income from stocks, bonds, notes, agreements or other interest bearing securities of resident insolvent or incompetent individuals, whether or not any portion thereof is held for the future use of the beneficiaries, where the fiduciary has complete charge of such net income.

"II. The tax imposed upon a fiduciary by this chapter shall be a charge against the estate or trust."

By sec. 883 "each fiduciary subject to taxation under the provisions of this chapter, as provided in section 874, shall make a return," and shall be subject to all the provisions thereof which apply to individuals; provided that a return may be made by one of two or more joint fiduciaries. By. sec. 918 it is provided that no final account of a fiduciary shall be allowed by the probate court until the judge finds that all taxes imposed by chapter 39 upon such fiduciary have been paid or secured.

At the outset of our inquiry relative to the claim here raised we recognize four fundamental doctrines. First. That the taxing power of the State extends to all persons and property within its jurisdiction not protected therefrom by Federal supremacy. *State* v. *Clement National Bank,* 84 Vt. 167, 179, 78 Atl. 944, Ann. Cas. 1912D 22; *Clark* v. *City of Burlington,* 101 Vt. 391, 397, 143 Atl. 677. Second. That a statute is to be construed as not intended to have extra-territorial effect, but only an intra-territorial effect, unless it clearly indicates a different intent. *State* v. *Peet,* 80 Vt. 449, 461, 68 Atl. 661, 14 L. R. A. (N. S.) 677, 130 Am. St. Rep. 998; *State* v. *Clement National Bank,* *supra,* at page 200. Third. That the real meaning and purpose of the lawgiver is to be sought after in a taxing statute, and if fair and reasonable construction discloses it, it is to be given effect, otherwise such a statute is not to be extended by implication beyond the clear import of the language used, and doubts are to be resolved against the taxing power and in favor of the taxpayer. *Helvering* v. *Stockholms Enskilda Bank,* 293 U. S. 84, 55 Sup. Ct. 50, 79 L. Ed. 211; *In re Fulham's Estate,* 96 Vt. 308, 314, 119 Atl. 433; *Central Vt. Ry., Inc.* v. *Campbell,* 108 Vt. 510, 524, 192 Atl. 197, 111 A. L. R. 175. Fourth. That the intention and meaning of the Legislature are to be ascertained from an examination of the whole and every part of the act, the subject matter, the effects

and consequences, and the reason and spirit of the law. *Brammall v. Larose, supra.*

 Attention is called to the comprehensive scope of sec. 874, sub. div. I. It would seem that about every fiduciary relation has been covered. By sub. div. II the tax is made a charge against the estate or trust, so, although the duty to pay it is imposed upon the fiduciary, it is in fact a tax upon the estate or trust. It is true, as petitioner claims, that sec. 873 imposes a tax upon residents only, but this does not limit the word "fiduciaries" as used in sec. 874 to "resident" fiduciaries. The effect of sec. 874 is to provide that the same taxes imposed upon residents in sec. 873 shall be imposed upon fiduciaries as that term is defined in sec. 872. Then, too, it should be noted that sec. 883 points out that each fiduciary subject to taxation as provided in sec. 874 shall make a return, and shall be subject to all the provisions which apply to individuals, that is, shall pay the same taxes as individuals, and makes no mention that the tax.upon fiduciaries is limited to residents as in the case of individuals under sec. 873. Comprehensive as the statute is it does not clearly disclose an intention to have extra-territorial effect, hence it is to be construed as having an intra-territorial effect only and as being confined to fiduciaries, estates and trusts over which the State has jurisdiction. However, this construction does not limit the intra-territorial effect of the statute. The definition of fiduciary is broad enough to include both resident and non-resident fiduciaries, and, in view of our statutory provisions relative to the administration of estates and testamentary trusts, sec. 918 is very significant, and with the other sections mentioned tends to show that the Legislature intended to tax even a non-resident fiduciary with respect to an estate or trust being administered in our probate courts, if within the power of the State to tax.

 Sec. 874, except in the last sentence of paragraph (a), prior to the 1937 amendment (No. 38 of the Acts of 1937, Pt. III, Sec. 3), says nothing about non-resident fiduciaries. As only one fiduciary is here involved it is unnecessary to determine, exactly, what the Legislature intended by this sentence. We can, however, suggest a situation to which it might apply. It is well known that a fiduciary relation may be created by other than a will·or the appointment of a court. A person may turn property over to trustees for the accomplishment of any lawful purpose. Under such an

arrangement, if there were several trustees, and some of these resided in this State, those residing here might be subject to taxation here, while those not residing here might be outside the taxing power of the State. See *State* v. *Clement National Bank, supra,* 84 Vt. at page 199; *City of St. Albans* v. *Avery,* 95 Vt. 249, 254, 114 Atl. 31. On the other hand, in the case of testamentary trustees or trustees appointed by a Vermont court, the determination of whether the non-resident trustees would be subject to the tax would depend upon the power of this State to tax them. In such a case the provision in the statute may have been intended for the purpose of fixing liability on the various fiduciaries who were acting jointly, as the petitionee suggests. There is nothing in the provisions that exempts non-residents by implication or otherwise, except that it is presumptively confined to fiduciaries over whom the State has jurisdiction. If the Legislature intended to tax only resident fiduciaries, regardless of whether it has the power to tax certain non-resident fiduciaries, it could easily have said so in apt language.

 It may be, as the petitioner contends, that prior to the enactment of the income tax law, Vermont has never attempted to tax non-resident trustees. The statutory definition of "fiduciary," however, includes guardians and executors and administrators, and this State has long provided for the taxation of the personal estate of resident wards and resident decedents. G. L. 703 [Now P. L. 611], sub. divs. IV and V. Under petitioner's interpretation of the statute all that it would be necessary to do to escape taxation here would be to get a non-resident appointed trustee, guardian, executor or administrator, which would certainly be a departure from our former practice relative to guardians and executors and administrators, and under the provisions of sec. 874, sub. div. I, paragraph (b) the income of a resident decedent received during his life-time might thus escape taxation. A fair and reasonable construction of the provisions of the statutes to which we have called attention discloses that the Legislature intended to continue the practice of subjecting the personal estates of resident wards and decedents to taxation, and also intended to tax all fiduciaries within its power to tax.

 The petitioner contends that its title as trustee exists independent of the probate of the will, and cites New York cases to. the effect that executors and testamentary trustees may ex-

ecute the trusts in a will without probate. However the rule may be in that jurisdiction, or at common law, in this State a will passes neither real nor personal estate, unless it is proved and allowed in the probate court, or by appeal in the county or supreme court, P. L. 2758, and consequently no title can vest in the trustee until the will is probated.

The probate court has plenary and exclusive jurisdiction in the settlement of the estates of deceased persons. *In re Estate of Curtis,* 109 Vt. 44, 49, 192 Atl. 13; *Walker's Guardian* v. *Hendee,* 100 Vt. 362, 364, 137 Atl. 334; *Sparrow* v. *Watson,* 87 Vt. 366, 370, 89 Atl. 468; *Hurlburt Brothers* v. *Hinde,* 86 Vt. 517, 521, 86 Atl. 739. And it is given general equity powers in regard to trusts and trust funds, that arise in the settlement of estates. P. L. secs. 3022-3047; *Foss, Trustee* v. *Sowles,* 62 Vt. 221, 224, 19 Atl. 984. Sec. 3022 requires that a trustee appointed in a will shall, before entering upon his duties, give a bond to the probate court in the district where the will is proved, for the benefit of persons interested in the trust estate, conditioned for the faithful performance of his duties. By sec. 3023, the conditions of this bond shall be: 1, To make a true inventory to the probate court; 2, To manage and dispose of the trust estate, and discharge his trust according to law and the will of the testator; 3, To render an account within one year, and at other times when required by the probate court; and 4, To settle his accounts with the probate court at the expiration of his trust, and to pay over the avails to the persons entitled, according to law and the will of the testator. Sec. 3032 provides that a trustee who neglects to give a bond when required, within the time directed by the probate court, shall be considered as having declined the trust. Sec. 3034 provides for the removal by the probate court of a trustee who becomes insane or incapable, or is obviously unsuitable, and when, for any cause the interests of the trust estate require it. Sec. 3035 provides for the appointment by the probate court of an additional trustee. Sec. 3036 provides for filling a vacancy. Sec. 3041 provides that trustees shall perform the duties specified in their bonds. Secs. 3042 and 3043 provide for licensing sales and investments. Sec. 3044 requires an annual accounting. P. L. 2776 requires a non-resident executor, administrator or trustee to designate a person resident in the probate district as an agent upon whom process may be served.

Many of the foregoing provisions are similar to those relative to executors. A testator has a right to appoint his executor, and the statute is peremptory that the probate court shall issue letters testamentary to the person named, if he accepts the trust and files the proper bond. The whole theory upon which the right to make a will rests, implies that a person controlling his property in life may determine its dominion after death, and direct who shall make distribution of it. *Sabine* v. *Rounds,* 50 Vt. 74; *In re Bellows' Estate,* 60 Vt. 224, 227, 14 Atl. 697. Undoubtedly, subject to the possible right of appeal, the probate court can vacate such an appointment because of failure to file a bond, pursuant to P. L. 2781, and because of grounds for removal specified in P. L. 2788. Although a testator has the same right to appoint a trustee, it is clear that such trustee, like an executor, is strictly accountable to the probate court in the management and disposition of the trust estate.

The acquirement of property by descent or by will is not a natural right, but a privilege accorded by the State. *In re Hickok's Estate,* 78 Vt. 259, 264, 62 Atl. 724, 6 Ann. Cas. 578; *In re Estate of Hagar,* 98 Vt. 235, 238, 239, 126 Atl. 507, and cases cited. And there is no provision of our Constitution, or that of the United States, which secures the right to any one to control or dispose of his property after death. *In re Estate of Hagar, supra.*

Since the distribution of, and succession to, personal property, wherever situated, are governed by the laws of the country or state where the owner had his domicile at the time of his death, and the final settlement and distribution of the estate are to be according to the laws of that state, *In re Lawrence's Will,* 93 Vt. 424, 430, 431, 108 Atl. 387; *In re Dennis Estate,* 98 Vt. 424, 428, 129 Atl. 166; it follows from the foregoing that the Legislature had the power to provide, as it has done, that the intangible personal property of a resident testator, whose will has been allowed by the probate court, shall be within the jurisdiction of that court for all purposes of administration, no matter in what jurisdiction a trustee named in such will may reside, or where the property is kept. *Lozier* v. *Lozier,* 99 Ohio St. 254, 124 N. E. 167; *Chase* v. *Chase,* 2 Allen (Mass.) 101.

We approve the reasoning in *Harrison* v. *Commissioner of Corporations and Taxation,* 272 Mass. 422, 172 N. E. 605, 71 A. L. R. 677, to the effect that a state has the power to establish a situs for purposes of taxation over testamentary trust funds, created by its deceased residents in intangible personal property being administered by appointees of its own court, under its own laws, and thus to continue for practical purposes within its jurisdiction all control over the trusts, and especially control for purposes of taxation; and hold that under our statutes the Legislature has established such a situs here for the purpose of taxing such trust funds, and whether the trustee is named in the will or appointed by the court makes no difference in this respect. This conclusion attributes no extra-territorial effect to P. L. 874.

As shown in an annotation in 67 A. L. R. 393, there is considerable diversity in the statutes and decisions of the various jurisdictions relative to the situs for taxation of personal property, or interests therein, held by trustees, executors or administrators. Generally an executor, administrator, or trustee is regarded as the owner, for purposes of property taxation, of the personal property which he holds by virtue of his office, and is taxable in the state in which he is domiciled. There are certain trends depending upon the location of the property, whether in the state of the decedent's domicile or that of the fiduciary, and whether the fiduciary and deceased were domiciled in the same or different states. Some jurisdictions treat executors and administrators differently from testamentary trustees, and some differentiate between testamentary trustees and trustees appointed by a court. A few jurisdictions adopt the theory of an official, as distinguished from a personal, residence, and seem to arrive at the same ultimate conclusion that we do, but we do not consider it necessary to adopt that theory in support of our holding. See also "The Taxation of Trust Property" by Professor Robert C. Brown, 23 Kentucky Law Journal, 403.

It is very evident that some jurisdictions are troubled by the possibility of double taxation, but regardless of the desirability of avoiding double taxation, it is apparent from the holdings in *Curry* v. *McCanless,* 307 U. S. 357, 59 Sup. Ct. 900, 83 L. Ed. 1339; *New York ex rel. Cohn* v. *Graves,* 300 U. S. 308,

57 Sup. Ct. 466, 81 L. Ed. 666, 108 A. L. R. 721 and other United States Supreme Court cases, that the tax in question raises no constitutional objection on that ground.

In view of the foregoing conclusions it is unnecessary to decide the other questions presented.

*Judgment reversed, and petition dismissed with costs.*

### Upon Motion for Reargument

Sherburne, J. On leave, duly obtained, counsel for the petitioner have filed a motion for reargument, pending which the entry of judgment has been withheld.

Objection is raised to the holding that the word "exclusively" applies to the entire use of the trust fund, and not merely to that part of the income from the fund which is to be used for charitable purposes, and that as the fund is to be used in part for non-exempt purposes, all the undistributed income therefrom is subject to taxation. The petitioner believes that the Court has erred in disposing of its exceptions, and has overlooked or misapprehended certain matters with respect thereto presented in its brief, and alleges:

1. That we have overlooked and disregarded the fact that notwithstanding the rule of strict construction of exemption statutes they are not to be given a distorted or unreasonable construction, as said in *Brattleboro Retreat* v. *Town of Brattleboro,* 106 Vt. 228, 239, 173 Atl. 209.

2. That we have arrived at a most unreasonable result, and one quite likely not intended by the Legislature, against the cardinal rule of construction that a statute must be so construed as to accomplish the purpose for which it was intended, if it can fairly be done, and that the consequence and natural and reasonable effect of a proposed construction if it leads to an absurd consequence, must always be avoided if possible, under the rule stated in *Brammall* v. *Larose,* 105 Vt. 345, 165 Atl. 916, 96 A. L. R. 595.

3. That in our construction of the statute we have overlooked and disregarded the following:

a. That no part of the undistributed income for the taxable year goes to the widow, and that it is only a part of the future

earnings from the reinvestment of that undistributed income that goes to her in future tax years.

b. That even if the undistributed income for the taxable year is not bound to be used exclusively for charitable purposes, there is no reasonable possibility that it will be used otherwise.

c. That a denial of the exemption, in view of the provision of our Constitution (Ch. II, sec. 64) requires a construction of the statute in derogation, rather than encouragement, of charities, and that such a result is justified only by the most clear and explicit expressions of the statute, and not from a doubtful construction or a conclusion deduced from the balancing of probabilities.

When this case was originally argued the petitioner contended that our statute should be construed like the exemption provision in the Federal income tax law, which provides that, "There shall be allowed as a deduction * * * any part of the gross income * * * which pursuant to the terms of the will * * * is to be used exclusively for religious, charitable, * * * or educational purposes," and petitioner's brief went at great length in citing cases construing the Federal exemption. Although the petitioner was the excepting party upon this question, and although the petitionee claimed that our exemption must be strictly construed, all that the petitioner said in its brief in answer thereto was to incidentally mention the case of *Brattleboro Retreat* v. *Town of Brattleboro, supra,* in a note at the bottom of a page under its argument relative to a disputed construction of the terms of the will, as to whether by any possibility the undistributed income might be needed at some future time to make out the minimum annuity to the widow, as bearing upon the reasonable probability of such an event occurring.

The Federal statute is so different from ours that we could see no connection between the two, hence there was no occasion to ascertain if by any reasonable probability the undistributed income might at some future time need to be so used. However, in arriving at our conclusion we did not give a distorted or unreasonable construction of our statute, contrary to the *Brattleboro Retreat* case, *supra,* nor a strained construction adverse to the real intention of the Legislature, contrary to *Spaulding* v. *City of Rutland,* 110 Vt. 186, 192, 3 Atl. 2d. 556, cited in the opinion. Nor have we arrived at an unreasonable

or absurd result, contrary to the rule stated in *Brammall* v. *Larose, supra.* None of these rules of construction, nor any points and arguments made in the briefs, were overlooked.

In view of what we have said it is unnecessary further to comment upon paragraphs a and b of the 3rd ground of the motion. Paragraph c presents an entirely new question which is not entitled to be now considered under the rules respecting motions for reargument mentioned in *Ryan* v. *Orient Ins. Co.*, 96 Vt. 291, 304, 306, 119 Atl. 423, and *Goodwin* v. *Gaston*, 103 Vt. 357, 367, 368, 154 Atl. 772. However, *Congregational Society* v. *Ashley*, 10 Vt. 241, 244-246, the only authority cited for that proposition, does not support it. The question in that case was whether the Congregational Society came within the terms of the then statute so as to be subject to a tax upon its funds, not whether it was entitled to an exemption. That case properly held that whether the Society was taxable must not be the result of doubtful construction or a conclusion deduced from the balancing of probabilities. As we have said in the main opinion in discussing other features of this case, unless a fair and reasonable construction discloses the real meaning and purpose, a taxing statute is not to be extended by implication beyond the clear import of the language used, and doubts are to be resolved against the taxing power and in favor of the taxpayer.

It is probably true that this entire tax will ultimately fall on the charities, but the section of our Constitution referred to also provides that charities may enjoy their privileges and immunities under such regulations as the General Assembly shall direct. If this fund had been limited exclusively to charity it would be exempt from taxation. So long as a part of the income, in this case more than half, goes for non-charitable purposes, it was proper and reasonable for the General Assembly to provide that none of the income should be exempt. It is for that body, not the Courts, to legislate.

*Motion for reargument denied. Let full entry go down.*